ó

## MARGARET CROAK vs. EDMUND OWENS.

Hampden.　September 27, 1876.　COLT & MORTON, JJ., absent.

In an action begun May 3, for breach of a contract to accept a deed of land, there was evidence that the defendant agreed to buy the land at a sale by auction on April 20, for a certain sum; that a tender was made on April 30, and the defendant refused to pay; that the plaintiff sold the land by auction for a less sum on June 1. *Held*, that the evidence of the second sale was competent on the question of damages, there being evidence that there had been no material change in the market value of the property between the two sales.

CONTRACT for breach of an agreement to accept a deed of a house and lot purchased by the defendant at a sale by auction, and to pay the price at which it was struck off to him by the auctioneer. Writ dated May 3, 1875.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff put in evidence a memorandum in writing of the sale to the defendant on April 20, 1875, for $5450; and of a tender of a deed of the premises on April 30, 1875. The defendant refused to accept the deed, on the ground that there had been by-bidding at the auction, and this question was submitted to the jury.

On the question of damages the plaintiff offered to prove that the premises were sold by auction again for her on June 1, 1875, upon conditions similar to those of the first sale, when it brought only $4725; and the auctioneer testified that there had been no material change in the market value of the property at the time of the first sale and the time of the second sale, or the time of the tender of the deed; though he had never looked at the prop-

erty for the purpose of fixing a value upon it. The defendant objected to this evidence, on the ground that it was a sale made after the action was brought. But the judge overruled the objection, and admitted it as competent evidence bearing on the question as to what damage the plaintiff suffered by reason of the defendant's refusal to comply with his contract on April 30, 1875, and the value of the premises at that time. The jury returned a verdict for the plaintiff for $725; and the defendant alleged exceptions.

*H. Morris & A. M. Copeland,* for the defendant.

*G. M. Stearns,* for the plaintiff, was not called upon.

BY THE COURT. The evidence was competent, and its weight was to be determined by the jury. *Brigham* v. *Evans,* 113 Mass. 538. *Exceptions overruled.*