## DAVID J. BOYD vs. HARRY C. GREENE & another.

Essex.  November 7, 1894, — January 3, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Sale by Auction — Statute of Frauds — Agreement — Highest Bid — Action.*

If the jury find that the talk between a bidder and the auctioneer, at an auction sale of real estate, amounted to an agreement by the auctioneer to knock down the property to the bidder if he should bid a certain amount, and that was the highest amount bid, the agreement is within the statute of frauds, and an action by the bidder will not lie to recover damages for a breach thereof.

FIELD, C. J.  The defendants were real estate brokers, and announced by publication in the newspapers and by the posting of placards that at a time named they would sell certain real estate described therein on the premises, by public auction, to the highest bidder without reserve; and the plaintiff, relying on such announcement, was present at the time and place named, and the property was put up for sale by an auctioneer, and bids were received, and the plaintiff made the highest bid, but the property was not knocked down to him, but was withdrawn from sale by the defendants.  The breach of contract alleged in the declaration is the refusal of the defendants to sell the property at auction to the highest bidder, who was the plaintiff.  The exceptions recite that the plaintiff bid $1,725 for the property; that the auctioneer said to him, "I don't like to accept an additional bid of only $25, will you make it $1,750 if I will knock the property down to you provided you are the highest bidder?" that the plaintiff first said "No," then said, "Yes, I will," and bid $1,750; that the auctioneer then announced the bid as $1,750, and then called for further bids, but none were made; that the auctioneer then consulted with the defendants (who were present), and then announced that the property could not be sold for $1,750, and the sale was then declared adjourned indefinitely.

The defendants asked the court to rule that the statute of frauds was a bar to the action, and that, if the talk between the plaintiff and the auctioneer amounted to an agreement, no suf-

ficient consideration was shown to make it a contract binding on the defendants. The court refused so to rule. It does not appear that the statute of frauds had been pleaded, but we do not think that the refusal of the court to rule as requested proceeded on that ground.

The exceptions also recite as follows: " The court, subject to the objection and exception of the defendants, instructed the jury, in substance, that it was for them to say whether said talk between the plaintiff and the auctioneer, and their action aforesaid under the circumstances aforesaid, were understood by them as an agreement by the auctioneer to knock down said property to the plaintiff if he was the highest bidder therefor, and that, if they so found, they should find for the plaintiff for the difference between $1,750 and the real value of the property. No question was raised concerning the readiness of the plaintiff to comply with the terms of the contract. No other questions were submitted to the jury." The jury found for the plaintiff.

It is evident from the exceptions that the decision of the case turns upon the question whether the talk between the plaintiff and the auctioneer could properly be found to constitute a contract for the breach of which this action can be maintained. The contention of the plaintiff in effect is, that, although a contract for the sale of lands is within the statute of frauds, a contract to make a valid contract for the sale of lands with the highest bidder at public auction is not.

The strongest case for the plaintiff is *Warlow* v. *Harrison*, 1 El. & El. 295, 309. There the plaintiff had a verdict in the Queen's Bench, and leave was given to the plaintiff to amend his declaration if the court should think fit, and to the defendant leave was given to move to enter a verdict for him or a nonsuit, and a nonsuit was entered. In the Exchequer Chamber, to which the case was carried, it was said that, although on the pleadings the nonsuit was right, yet, on the facts of the case, if the plaintiff elected to amend his declaration, he was entitled to recover, and judgment was entered affirming the judgment of the Court of Queen's Bench unless the parties elected to enter a *stet processus,* or the plaintiff amended his declaration, in which latter case a new trial was to be had. The case was of the sale by auction of a mare, for which the plaintiff bid sixty guineas,

and the owner of the mare bid sixty-one guineas, and the mare was knocked down to the owner. The statute of frauds was not pleaded. Martin, B., speaking for himself and two other judges, says: " We think the auctioneer who puts the property up for sale upon such a condition [the condition that it shall be sold without reserve] pledges himself that the sale shall be without reserve; or, in other words, contracts that it shall be so; and that this contract is made with the highest *bona fide* bidder; and, in case of a breach of it, that he has a right of action against the auctioneer. The case is not at all affected by the seventeenth section of the statute of frauds, which relates only to direct sales, and not to contracts relating to or connected with them." Willes, J. and Bramwell, B. put the decision on the ground " that the defendant undertook to have, and yet there was evidence that he had not, authority to sell without reserve." This case has been cited in *Mainprice* v. *Westley*, 6 B. & S. 420; *Harris* v. *Nickerson*, L. R. 8 Q. B. 286; *Horsey* v. *Graham*, L. R. 5 C. P. 9; and in *Ex parte Asiatic Banking Co.* L. R. 2 Ch. 391; but not upon the question whether the contract to be implied was within the statute of frauds, and the case generally appears not to have been regarded as an absolutely authoritative decision of the matters upon which the judges of the Exchequer Chamber expressed an opinion.

The case at bar is not an action to recover for the trouble and expense of attending the auction under the inducement held out by the defendants in their advertisement. See *Harris* v. *Nickerson, ubi supra.* It is an action to recover damages because the defendants, through their agent, the auctioneer, did not sell the property to the plaintiff, or did not do what was necessary to make a valid sale of the property to him, as they had agreed to do. The damages recovered are the difference between the sum bid and the value of the property. The jury must have found that the defendants, through their agent, the auctioneer, impliedly promised the plaintiff that if he would bid $1,750 for the property, and if this was the highest bid, the property should be knocked down to him, and a sufficient memorandum in writing of the sale should be made by the auctioneer, and that the defendants broke this promise. Is such a promise within the statute of frauds? A contract to make a will of real property in favor of

another person is within the statute of frauds, although a contract to leave a certain amount of money by will to such a person is not. *Gould* v. *Mansfield*, 103 Mass. 408. *Wellington* v. *Apthorp*, 145 Mass. 69. A contract to execute a bond of defeasance or a deed of reconveyance by the grantee of an absolute conveyance of real property is within the statute of frauds. *Boyd* v. *Stone*, 11 Mass. 341. *Ahrend* v. *Odiorne*, 118 Mass. 261.

There are certain contracts which have been held to be only collateral to a contract for the sale of land, and so not within the statute ; but an oral contract to execute a valid written agreement to convey land is, we think, as much within the statute as an oral contract to execute and deliver a deed of the land. *Lawrence* v. *Chase*, 54 Maine, 196. *Richards* v. *Richards*, 9 Gray, 313. Browne, St. of Frauds, § 266.

We think that the court should have ruled that the talk between the plaintiff and the auctioneer, even if it amounted to a contract, was within the statute of frauds.

*Exceptions sustained.*

*C. H. Conant*, for the defendants.
*J. P. Sweeney*, for the plaintiff.