JACOB J. KAPLAN vs. WILLIAM GRAY & others.

Suffolk.    December 5, 1912. — June 18, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, &
DE COURCY, JJ.

*Damages,* In contract: liquidated. *Contract,* Construction. *Words,* "Liquidated damages."

Where there is an express stipulation that a sum of money deposited to secure the performance of a contract in writing shall be forfeited, in case of a breach of the contract by the depositing party, as "fixed, liquidated and ascertained damages," the parties are to be taken at their word, unless it is apparent from the terms of the entire contract and an examination of the subject matter that the forfeiture is to be treated as a penalty.

The owner of a patent for a lamp shade for road vehicles made a contract in writing, by which he licensed a certain person to manufacture the shade for one year and the licensee agreed to manufacture at least one thousand shades, each having the name and number of the patent, and to pay the patentee $1 for each shade so manufactured. It further was provided that the licensee should deposit $500 "as security for the faithful performance of this agreement," which at the termination of the contract was to be applied to the last five hundred shades manufactured, and that, if the licensee should fail to comply with the terms of the contract, the $500 deposited should be forfeited "as fixed, liquidated and ascertained damages." The licensee committed a breach of the agreement by manufacturing within the year only twenty-five shades instead of one thousand, and paid accordingly $25 instead of $1,000. The assignee of the rights of the owner of the patent brought an action against the licensee for an alleged balance of $475, computed by deducting the deposit of $500 and the payment of $25 from the $1,000 which he would have received if the contract had been performed. · The defendant contended that under the terms of the contract the $500 deposited by the defendant must be accepted as liquidated damages. *Held,* that the plaintiff by retaining as his property the $500 deposited had received all that he was entitled to under the agreement.

BILL IN EQUITY, filed in the Supreme Judicial Court, as amended, on January 6, 1912, against the former and present members of a partnership carrying on business under the name of Gray and Davis, setting forth a contract in writing dated January 6, 1909, which is described in the opinion, made by the defendants Gray and Hollander with Charles G. Wridgway, who assigned his rights thereunder to the Wridgway No-Glare Shade Company which assigned its rights to the plaintiff, and seeking to establish a debt

from the defendants Gray and Hollander to the plaintiff of a balance of $475 and to reach and apply the interest of the defendant Gray in the partnership of Gray and Davis to the payment of such debt.

The defendants demurred to the bill for want of equity and on the ground that it appeared by the bill that there had been an accord and satisfaction between the parties.

The case was heard by *Braley,* J., who sustained the demurrer and ordered that the bill be dismissed with costs. At the request of the plaintiff the justice reported the case for determination by the full court, with a stipulation of the parties that, if the demurrer was sustained, the bill was to be dismissed with costs, but that, if the demurrer was overruled, judgment was to be entered for the plaintiff in the sum of $475 with costs and interest, if as matter of law the full court should determine that the plaintiff was entitled to interest.

The case was argued at the bar in December, 1912, before *Hammond, Loring, Braley,* & *De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*J. B. Studley,* (*R. S. Hoar* with him,) for the plaintiff.

*R. Y. FitzGerald,* (*W. A. Cole* with him,) for the defendants.

DE COURCY, J. The plaintiff's right to recover depends upon the construction of a written agreement between Charles G. Wridgway, to whose interest he succeeds by assignment, and the defendants Gray and Hollander, formerly copartners under the name of Gray and Davis, and hereinafter called the defendants.

Wridgway was the owner of certain letters patent for a lamp shade for road vehicles. By the agreement in question he licensed the defendants to manufacture the shades for the period of one year; and further agreed not to permit any other lamp manufacturer in the United States to make them during the continuation of the contract, to protect the defendants in any litigation concerning the same and to protect the patent, if necessary; and also to renew the contract for three years if they should have complied with the terms thereof. The defendants on their part agreed to manufacture at least one thousand shades, the same to be of a quality such as would not injure the value of the patent, and each shade to bear the patent number, the inscription "Wridgway No-Glare Shade," the date of patent and the consecutive license

number; and also to include the said inscription in all advertising matter. Further they were to pay $1 for each shade manufactured, to settle accounts monthly and to keep and render monthly an account of the number of shades manufactured.

The agreement contained the following provisions:

"The sum of $500.00 (five hundred dollars) is hereby deposited by parties of the second part, with party of the first part, as security for the faithful performance of this agreement on their part to be performed, and said $500.00 (five hundred dollars) is to be applied to the last five hundred (500) shades manufactured by the parties of the second part, at the end or termination of this contract.

"It is further agreed that if parties of the second part shall fail to comply with terms of this contract, and shall fail to properly number all shades manufactured by them, or to make settlements as hereintofore [*sic*] stated, the said sum of $500.00 (five hundred dollars) deposited, as aforesaid, shall be forfeited to party of the first part, as fixed, liquidated and ascertained damages, and the contract between the parties hereto shall terminate and become null and void."

The only breach of this agreement specified in the bill of complaint is the failure to manufacture and pay for more than twenty-five shades. The plaintiff contends that the provision relating to the deposit of $500 should be treated as a penalty and void, that the actual damages should be assessed, and that the defendants, by failing to manufacture the guaranteed number of lamps, became indebted to him in the sum of $1,000 with interest thereon. He undertakes to apply on account of this sum the $25 received from the defendants for the shades manufactured, and the $500 deposited by them, and now seeks to recover the alleged balance of $475 with interest.

We are of opinion, however, that a fair interpretation of the agreement makes it manifest that the parties intended this $500 to be liquidated damages and not a penalty in the event of a breach. In fact they have expressly so stated in the language of the second paragraph above quoted, designating the money deposited as "fixed, liquidated and ascertained damages." And as was said by Holmes, C. J., in *Guerin v. Stacy*, 175 Mass. 595, 597, "we heartily agree with the Court of Appeals in England that so far as

precedent permits the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word."

It is true that the use of the words "liquidated damages" is not decisive, and in some cases, notwithstanding such designation, it may be apparent from the terms of the entire contract and an examination of the subject matter that the money is to be treated as a penalty. But such is not the situation here. The contract contained numerous stipulations for a breach of which it would be difficult, if not practically impossible, accurately to determine the damages. Such, for instance, are those requiring the defendants to keep up the quality of the shades, to mark and number each one as provided in the agreement, to keep and render accurate accounts, and to settle for royalties monthly. Considering the subject matter of the contract, it was a territorial right for a newly patented lamp, the success of which was problematical. Apparently the defendants were willing to risk not more than $500 in the venture in addition to the $1 to be paid for each lamp shade they could find a customer for; and the plaintiff was willing to accept the certainty of that amount, with the prospect of more in the event of the defendant's success in introducing the shades to their customers.

It is urged by the plaintiff, however, that the first paragraph quoted from the agreement brings the case within the general rule of construction that where a sum is to be paid in case of a breach of any of several distinct stipulations of various importance, and some of them are for the payment of fixed amounts of money, it will be construed as a penalty. *Fisk* v. *Gray*, 11 Allen, 132. *Wallis* v. *Smith*, 21 Ch. D. 243. While the agreement is not free from doubt, on the whole we are of opinion that this rule has no application here. In the first paragraph the parties were providing for what would be done if the contract should be complied with, and the full number of one thousand shades manufactured. In that event the $500 was to be security, not in the sense of a penalty, but simply as a fund from which payments should be made for the last five hundred shades manufactured. In the second paragraph the parties made provision for the event of a breach of the

agreement, and therein stipulated for liquidated damages as above stated. It was not one of the stipulations that the defendants should make a payment of $1,000 or any other definite sum at the end of the year, or on any fixed date, but that they should manufacture one thousand shades, for which they were to settle monthly. It is also somewhat indicative of the intention of the parties to make this $500 liquidated damages that it was a less sum than the defendants would otherwise be liable to pay on failure to make and pay for one thousand shades. Penalties usually provide for the payment of a larger sum on the failure of a party to pay a less amount.

A majority of the court are of opinion that the plaintiff, by retaining as his property the $500, has received all to which he is entitled under the agreement, and that the demurrer must be sustained. *Guerin* v. *Stacy,* 175 Mass. 595, 597. *Garst* v. *Harris,* 177 Mass. 72. *Morrison* v. *Richardson,* 194 Mass. 370. In accordance with the terms of the report the bill is to be dismissed with costs.

*So ordered.*