Rosa Giolitto *vs.* Marinina Dingolo.

Middlesex.     November 12, 1924. — January 28, 1925.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Wait, JJ.

*Frauds, Statute of. Auctioneer. Agency,* Existence of relation. *Sale,* By auction.

In an action of contract the declaration was in two counts, the first being for the difference between an amount alleged to have been bid by the defendant at a sale at public auction of land of the plaintiff and the amount for which, upon the defendant's refusing to carry out the purchase, the land was sold to another bidder at the sale; and the second count being for the amount of a deposit which the terms of the sale required the purchaser to make on the acceptance of his bid. The defendant pleaded the statute of frauds to both counts. At the trial it appeared that at the auction sale the defendant made a bid and, when requested to make the deposit, refused to comply; that after a

few minutes the auctioneer reopened the sale and the property was sold to another bidder at a lower price. Thereafter the auctioneer made in writing a record of both transactions. *Held*, that

(1) The auctioneer was not authorized to act for the defendant in making the memorandum which was not made at the time the property was struck off to him;

(2) There being no memorandum in writing signed by the defendant or by anyone authorized to act for him, the plaintiff could not recover on either count.

CONTRACT with a declaration as amended in two counts, described in the opinion. Writ dated June 30, 1922.

In the Superior Court, the action was heard by *Raymond*, J., without a jury. Material evidence is described in the opinion. The judge found for the defendant and reported the action to this court for determination.

*V. Brogna*, for the defendant, submitted a brief.

*C. W. Lavers*, for the plaintiff.

CARROLL, J. Real estate was offered for sale at public auction by the plaintiff, and was struck off to the defendant for $2,850. The advertisement of sale called for a deposit of $300 from the purchaser. The defendant, although requested to make this deposit, refused to comply. "After a few minutes . . . [the auctioneer] reopened the sale" and the property was then sold for $2,600. The judge found that the auctioneer, immediately after the second sale, made a memorandum on the margin of the newspaper containing the advertisement of sale in this form: "June 12, Sold the property for $2850.00 to Dingolo, it was not taken and sold to Anthony Aste for $2600." To this memorandum the auctioneer added his initials.

The action is in contract. The plaintiff in her first count seeks to recover the difference between the amount bid by the defendant and the price for which it was subsequently sold. In the second count she seeks to recover the deposit of $300 required to be paid by the purchaser at the first sale. The defendant answered that the "agreement involved is required to be in writing and that the same was not reduced to writing as required"; and to the second count of the declaration answered, "that the sale was not reduced to a writing, in compliance with the 'statute of frauds.'" The

judge found for the defendant, and reported the case to this court on the questions of law, whether the memorandum made by the auctioneer is sufficient under the statute of frauds to bind the defendant, and " whether the obligation under the second count is such a contract as is required to be in writing."

A sale of real estate at public auction is within the statute of frauds. G. L. c. 259, § 1. The plaintiff could not recover under either count unless the contract was in writing, as required by the statute of frauds. *Boyd* v. *Greene*, 162 Mass. 566. *Morton* v. *Dean*, 13 Met. 385.

An auctioneer is the agent of both parties to the sale, with authority to make and sign the memorandum of the contract of sale. Both the vendor and the purchaser are bound under the statute of frauds by the memorandum signed by him, if it is sufficient as to contents; but to charge the parties, the memorandum must be signed by the auctioneer at the time of sale, and while his agency continues. *Gill* v. *Bicknell*, 2 Cush. 355. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427. *Clark* v. *Olejnik*, 240 Mass. 215. The auctioneer made no memorandum of sale when the property was struck off to the defendant. He proceeded to reopen the sale, and it was not until the land had been sold at the second sale that the memorandum was made and signed by him. His agency to bind the purchaser expired when he reopened the sale and sold the property to another. His authority to bind the defendant was then at an end. In the recent case of *Clark* v. *Olejnik, supra*, it was decided that the authority of the auctioneer to bind the purchaser does not extend beyond the time of the sale. See in this connection *Gill* v. *Bicknell, supra; Elliot* v. *Barrett*, 144 Mass. 256; *White* v. *Dahlquist Manuf. Co., supra.*

The auctioneer was not the defendant's agent when the memorandum was signed. He was not at that time authorized to act for her, and for this reason the plaintiff cannot recover under either count, even if we assume, without deciding, that the memorandum was sufficient in form.

In *Thompson* v. *Kelly*, 101 Mass. 291, there was a sufficient memorandum to take the case out of the statute, and the

sale was effectual.  *Gowen* v. *Klous*, 101 Mass. 449, relied on by the plaintiff, is not in conflict with what is here decided.

Judgment is to be entered for the defendant.

*So ordered.*