Bolster, C. J.
The plaintiff advertised certain real estate for foreclosure sale under a mortgage given her by one Ziskin, sister of the defendant. The notice called for a deposit of $500. At the sale Ziskin bid in the property twice, first for $7100., then for $7200., and each time refused to make the deposit. It was put up again and knocked down to the defendant at $7000., and the auctioneer wrote down her name and address, and asked for the deposit. She said she did not have it, the property was put up again, bid in by Ziskin at $8000., who again refused to make the deposit, and on being put up again it was bought in by the plaintiff for $3400. The plaintiff now sues for the deposit and for the difference between the defendant’s bid and the final sale price. It is plain on this report by the trial judge of his “rulings and refusals to rule” that he was of opinion that the $8000. sale to Ziskin necessarily destroyed any rights against this defendant. The defendant made to the plaintiff’s agent an offer to enter into a bilateral contract. Her offer was, “I will pay $7000., of which amount $500. is to be paid forthwith”. The fall of the hammer turned that offer into a mutual contract. The defendant broke that contract on the spot by not paying the agreed deposit. The plaintiff then had an option, to affirm or rescind. Unless barred by the 'Statute of Frauds, which is not pleaded, he could have sued for the deposit at once, Intl. Textbook Co. v. Martin, 221 Mass. 1, 4, could have sued for damages, or could have brought a bill for specific performance. Any of these steps would have been in affirmance of the contract.
On the other hand, he could elect to disaffirm the contract. The case is one in the law of election of inconsistent rights. *153 To bring in that trouble-maldng word “waiver” only beclouds the situation. So far as mere words go, the plaintiff’s agent, when he told the defendant she would have to pay, indicated an intention to hold, on to the contract, a position which, after the sale, was re-stated by the plaintiff’s attorney. But the judge in effect ruled that striking off the property to Ziskin at an advance was in law an election to disaffirm the defendant’s contract, though he called it a “waiver.” But ZisMn’s bid was of the same nature as the defendant’s. In view of what had happened earlier, the auctioneer could have rejected the bid. We do not think this defendant can take any advantage of the fact that he instead again put Ziskin to the test, and cancelled the sale to her as soon as it appeared that her latest bid was abortive.
What makes the judge’s ratio decidendi wrong is that, on the defendant’s instant default, the plaintiff had a right to re-sell and yet hold on to his contract, cf. Williston, Sales, Ch. XVI. Benjamin, Sales, § 794. If there were anything to meet or control the statements of intention to hold the defendant liable, the finding of a “waiver” might be treated as a mere finding of fact, not reviewable here, cf. Priest v. Wheeler, 101 Mass. 479, but there is nothing on which such a finding can rest except the single fact of sale divorced from all accompanying declarations, cf. McLean v. Richardson, 127 Mass. 339.
We limit our decision to the single point discussed. The memorandum made by the auctioneer is not before ns. cf. Giolitto v. Dingolo, 251 Mass. 38. Whether the power given by Ziskin to the plaintiff to become the purchaser holds good against the defendant when a re-sale is made on her account, whether in such case the re-sale price is any more than some evidence of damage, rather than a measure of *154 the damages, cf. Croak v. Owens, 121 Mass. 28, are points to which the judge did not come, and they are not decided. The declaration may need amendment, hut the form of the pleadings played no part in the decision. The plaintiff would seem entitled to at least nominal damages.
New trial ordered.