*Southern District*

No. 15842

**BERNARD LEVINE d/b/a
BERNARD REALTY**

v.

**JOHN M. KORSUN and
MARY KORSUN**

*Present*: Nash, P., Cox, & Sgarzi, J.J.

Case tried to *Colten, J.* in the District Court of Southern Norfolk. No. 15842.

*Sgarzi, J.* This is an action of contract for recovery of a broker's commission allegedly earned when the plaintiff produced a customer for certain real estate of the defendants which had been listed with the plaintiff for sale. The answer is a general denial, allegation of payment and an averment that the plaintiff has not complied with the defendants' terms.

*There was evidence that* in April, 1961 the defendant John W. Korsun listed his property in Stoughton with the plaintiff, a real estate broker, to be sold for the price of $26,000. In July, the plaintiff called on the defendant stating that he had a purchaser who would pay $23,000. and submitted forms of agreement, signed by the purchaser, which called for a deposit of $500. and contained a statement to the effect that the purchaser was prepared to pay at least $5,000. toward the purchase price, the balance to be raised by a mortgage. The defendants seemed to be pleased with the situation but wanted to know whether the broker would reduce his commission whereupon the plaintiff stated that he would take $1200. rather than the sum of

$1380. which would be his regular commission.

The male defendant then said that he wished to show the agreement to a friend and would call on the plaintiff the following morning to sign it.

The following morning the defendant did call on the plaintiff at which time he proposed certain changes in the agreement. He wanted a provision that the commission would be paid *only if* the transfer was actually consummated and a deposit of $1500, rather than $500. The plaintiff stated that he would have no trouble getting the $1500, and would give the defendant a receipt for it. However, the plaintiff refused to deliver the $1500 to the defendant whereupon the defendant said the deal was off and left.

At the trial, the defendant seasonably made certain requests for rulings of law most of which were denied as inapplicable to the facts found. The trial judge found that the plaintiff had been engaged by the defendants to produce a customer, ready, willing and able to purchase the defendant's property at the price of $23,000; that the plaintiff did in fact produce such a customer; that he thereby earned his commission, and made a finding for the plaintiff in the sum of $1200.

The denial of the defendants' requests for rulings of law on the ground that they were inapplicable to the facts found, raises the question as to whether the findings of the trial

judge are supported by the evidence. *Sutherland v. McGee,* 329 Mass. 530.

When the defendants listed their property with the plaintiff, they in effect made an offer to pay him a commision if he found a purchaser ready, willing and able to purchase the property for the sum of $26,000. This offer was not a contract of employment but could ripen into a contract to pay the commission when the terms of the offer were met. *Elliot v. Kazanjian,* 255 Mass. 459.

There is no doubt that the terms of this offer were not met since no purchaser was found by the plaintiff who would pay 26,000. for the defendants' property. When the plaintiff informed the defendants that he had a customer who would pay $23,000 for the property the effect of this procedure was that he the plaintiff communicated an offer of purchase to the defendants which they could then accept or reject. While there was evidence that the defendants showed some pleasure or elation with the offer of the plaintiff this could not reasonably be inferred to be an acceptance since the male defendant made it plain that he wished to discuss the matter with a friend and show him the agreement proffered by the plaintiff.

When he visited the plaintiff the next day he told him of certain changes he desired in the terms of the agreement. Among them was a request that the amount of the deposit be increased from $500. to $1500. and that the money be delivered to him. This was a reason-

able position for the defendant to take since the agreement indicated an intention on the part of the purchaser to obtain mortgage financing and in the event of his inability to obtain a mortgage loan his ability to perform might be affected. As a result of the refusal of the plaintiff to amend the agreement as requested by the defendants and to meet their terms with regard to delivery of the deposit the defendants withdrew from further consideration of an offer which up to that time they had not accepted. *Chapin v. Ruby,* 321 Mass. 512; *Flax v. Sovrensky,* 262 Mass. 60; *Doten v. Chase,* 237 Mass. 218.

The judge found that the plaintiff had been engaged by the defendants to produce a customer ready, willing and able to purchase their property for the sum of $23,000. On the basis of the evidance reported, and the reasonable inferences to be drawn therefrom, we are unable to find support for such finding. We therefore conclude that there was prejudicial error in the denial of the defendants' requests for rulings of law and judgment should be entered for the defendants.

Hugh F. Blunt, of Brockton, for the Plaintiff.

Abraham Newman, of Roslindale, for the Defendant.