*Western District*

### HAROLD J. COLEMAN

### v.

### JOHN KENNEDY and CECILIA KENNEDY

Argued: June 26, 1968   Decided: July 31, 1968

*Present:* Garvey, P.J., Moore, & Allen, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield  No. 195758

*Allen, J.*  In this action of contract the plaintiff seeks to recover a commission for "procuring a buyer" of a parcel of real estate owned by the defendants. The answer was a general denial, payment and failure to produce a buyer who was ready, willing and able to buy.

The judge found for the defendants and the plaintiff claimed a report. We think there was error.

The plaintiff, a licensed real estate broker, and the defendants signed a written "Real Estate Contract" wherein the defendants agreed to pay the plaintiff a commission if he would *"procure a buyer"* (emphasis supplied) at a designated price. There was evidence of a sub-

sequent agreement about a change in the purchase-price and amount of commission to be paid. The plaintiff produced a buyer, ready willing and able to purchase upon terms agreed upon by the defendants and the parties signed a buy and sell agreement. It later developed that there were defects in the title and the buyer (upon the advice of his attorney) would not consummate the sale until the title was cleared. Before this was done the defendants sold the property to another party.

The plaintiff duly filed requests for rulings of law. The third request was to the effect that if the court finds that the broker secured a buyer, that the buyer and seller entered into a valid purchase and sale contract, the seller thus accepted the buyer and the plaintiff was entitled to his commission. The court denied this request. This was error. In its "Special Finding of Fact" the court found: "the passing of title was required before the plaintiff would be entitled to his commission". There was no evidence to warrant this finding.

The interpretation of an unambiguous written contract is matter of law for the Court. *McMahon* v. *Monarch Life Ins. Co.*, 345 Mass. 261, 264. *Hiller* v. *Submarine Signal Co.*, 325 Mass. 546, 549, 550.

Lummus, J., said in *Stone* v. *Melbourne*, 326 Mass. 372, 373,

"The evidence was not that the passing of title was required for the earning of a commission. The plaintiff was merely to 'procure a buyer' and the commission was to be payable 'for obtaining a buyer'. By entering into a valid contract of purchase and sale [with buyers] the defendants accepted [them] as [customers] able, ready and willing to buy, and made unnecessary any further proof that [they were] such".

*See also Menton* v. *Melvin,* 330 Mass. 355. *Spence* v. *Lawrence,* 337 Mass. 355.

There was oral evidence susceptible of various findings as to the amount of commission due. The Appellate Division has no power to make its own findings of fact. *Elliott* v. *Warwick Stores, Inc.,* 329 Mass. 406, 409, *Adamaitis* v. *Metropolitan Life Ins. Co.,* 295 Mass. 215, 221. Therefore, this case must be sent back to the District court to determine the amount due.

The finding for the defendants is to be vacated and a finding entered for the plaintiff and a new trial ordered as to *damages only.*

VINCENT J. PANETTA
   of Springfield for the Plaintiff
WILLIAM J. FOLEY
   of Springfield for the Defendant