WHITNEY WARNER, JR. *vs.* RICHARD A. WILKEY & another. March 12, 1974. The defendants appeal from a final decree on a bill for specific performance of a contract for the sale of land. The plaintiff was awarded damages in lieu of specific performance, the land having been sold to another after the bill was filed. See *McCormick* v. *Proprietors of the Cemetery of Mount Auburn*, 285 Mass. 548, 552-553 (1934), and cases cited. The Federal estate tax lien imposed on the land when the plaintiff became its surviving joint tenant was not an encumbrance preventing his conveying "a good clear record and marketable title, free from all encumbrances" as required by the contract since the lien would have been removed by the act of conveyance to the defendants. 26 U.S.C. § 6324 (a) (2) (Supp. III, 1967). The record does not support the defendants' contention that the contract condition, that the defendants be able to obtain a first mortgage from the bank, was not satisfied. There was no evidence that the bank withdrew the mortgage commitment it had made. The

judge was right in invoking the clause in the contract entitling the plaintiff to retain the defendants' pre-closing deposit as "liquidated damages." *Kaplan* v. *Gray,* 215 Mass. 269, 271-273 (1913). *Macurdy* v. *Carver,* 328 Mass. 434, 435 (1952), and cases cited. *LaVallee* v. *Cataldo,* 343 Mass. 332, 333-334 (1961). He was also right in assessing as damages the unpaid balance of the amount agreed upon as a deposit. The amount was not so disproportionate to the plaintiff's losses and expenses caused by the defendants' breach as to make the liquidated-damages clause unenforceable as a penalty. See *A-Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672, 675 (1956), and cases cited. In determining the amount of those losses and expenses, the judge properly considered the plaintiff's liability for the broker's commission on the abortive sale as well as the difference between the agreed purchase price and the lesser price for which it was actually sold. See Park, Conveyancing with Forms, § 675, p. 709; *Croak* v. *Owens,* 121 Mass. 28, 29 (1876). The final decree is affirmed with interest from the date of the decree in the Superior Court. *Johnson* v. *Hazen,* 333 Mass. 636, 638 (1956).

*So ordered.*

*Max L. Rubin* for the defendants.
*Richard L. Curley* for the plaintiff.