*Northern District*

## No. 8410

# WAKEFIELD CONSTRUCTION CO., INC.
## v.
# ANGELO P. MASTRORILLO

Argued: Nov. 20, 1975. Decided: May 7, 1976.

Case tried to *Flynn, J.,* in the First District Court of Eastern Middlesex (Malden). No. 61 of 1974.

Present: Flaschner, J.*, Larkin, and Constantino, J.J.

Counsel for plaintiff: Curley and Flynn, Wakefield.

**Constantino, J.** This is an action of contract to recover money owed by the defendant to the plaintiff based upon two claims. Count One is on a promissory note of $17,193.11. Count Two is based upon money owed by the defendant to the plaintiff of $17,193.11 for materials and labor ordered by the defendant. The answer of the defendant is a general denial, mistake, fraud in the inducement, illegality, failure of consideration and estoppel.

The court found for the defendant on count one and for the plaintiff on count two, for $11,474.78.

*At the trial there was evidence tending to show* that in the spring of 1973, the parties entered into an oral contract for the site development by the plaintiff of the defendant's land on Bullard Lane, Millis, Massachusetts. There was also evidence tending to show that the parties agreed to the following rates:

| | |
|---|---|
| Bulldozer | $18.00 per hour |
| Truck | $ 5.00 per hour |
| Supervisor | $10.00 per hour |
| Laborers | $ 6.00 per hour |

*There was other evidence tending to show* that the fair and reasonable value of the services performed by the plaintiff for the defendant was as follows:

| | |
|---|---|
| Plaintiff's actual expenses, including 10% overhead and profit | $5,384.78 |
| Bulldozer—90 hrs. at $18.00 per hour | $1,620.00 |
| Truck—50 hrs. at $5.00 per hour | $ 250.00 |
| Supervisor—230 hrs. at $10.00 per hour | $2,300.00 |
| Laborers—320 hrs. at $6.00 per hour | $1,920.00 |
| | $11,474.78 |

---

* Chief Justice Flaschner participated in the hearing and post trial conference on this case but passed away prior to the rendition of the Opinion.

*There was further evidence that* no payments have ever been made by the defendant to the plaintiff on account of this contract. The court took a view of the premises.

At the close of the evidence the defendant made several requests for rulings, directed to the issues involved in count two and were treated as follows:

Request No. 6. Where the plaintiff has been guilty of over billing to the extent shown by the evidence in this case he is not entitled to recover the fair value of labor and materials furnished. (*Refused as being inapplicable to the facts found. Refer to Special Findings*).

Request No. 7. The conduct of the plaintiff in this case will defeat his right to recovery. (*Treated as waived as to Count One in view of the finding for the defendant on Count One, said request refused as to Count Two as being applicable to the facts found*).

Request No. 8. The substantial difference between the labor and services billed by the plaintiff to the defendant and that actually performed precludes any recovery by the plaintiff. (*Treated as waived as to Count One in view of the finding for the defendant on Count One, said request refused as to Count Two as being inapplicable to the facts found*).

Request No. 15. Upon all the evidence a finding for the defendant is warranted on Count Two of the declaration. (*Granted, but I do not so find. A finding for the defendant on Count Two is warranted but not required. Refer to Special Findings*).

The court, at the request of the plaintiff made the following ruling:

9. From the evidence the court would be warranted in finding that the agreement to perform site-work, excavation, landscaping, filling, well-digging and removal of trees, construction of the driveway

and all of the site development work that the plaintiff performed in consideration of the defendant's promise to pay for such work was a separate and distinct oral contract, that it was separate and distinct from the written contract previously entered into between the parties on April 17, 1973, and that the defendant promised to pay the plaintiff at a fixed rate; for the bulldozer $18 an hour for the machine and operator; $5 per hour for a dump truck; $10 per hour for a supervisor; $6 per hour for laborers, and cost plus 10% for all other expenses incurred, and as a matter of law, the plaintiff can recover on the oral contract. (*L. W. Severance & Sons v. Angely,* 332, Mass. 432, (1955), *Staples Coal Co. v. Ucello,* 33B Mass. 464, (1956). (*Granted, I find the plaintiff is entitled to recover on Count Two only*).

The court found specially on Count 2 as follows:

*Count* #2: "I find for the plaintiff on Count #2 and assess damages against the defendan t in the amount of $11,474.68.

I find that the parties during the spring of 1973 orally contracted for certain improvements to be made by the plaintiff on vacant land owned by the defendant located on Bullard Lane, Millis, Mass. I find that the plaintiff did certain work and incurred certain expenses in connection with said work. I find the said work was performed in June, July and August of 1973 and expenses were incurred by the plaintiff in connection with the job from April through October 1973.

I further find that the defendant agreed to pay for the plaintiff's work at the rate of $18.00 per hour for bulldozer and operator; $5.00 per hour for a truck; $10.00 per hour for a labor supervisor and $6.00 per hour for each laborer on the job. I find the defendant agreed in addition to pay cost plus 10% for profit and overhead expenses incurred by the plaintiff in connection with the job.

I find that based upon the foregoing rates the fair value of the work performed by the plaintiff under the said contract is $11,474.78.

I find that the defendant, in spite of being overcharged by the plaintiff, but having benefited from the work actually performed by the plaintiff, expected to pay or should have expected to pay for the fair value of the plaintiff's services at the rates agreed and I find the plaintiff in turn expected to be so paid.

I arrived at the computation of the fair value of the plaintiff's services for which fair value the defendant is liable to the plaintiff under Count #2 as follows:

| | |
|---|---|
| Plaintiff's actual expenses, including 10% overhead and profit | $5,384.78 |
| Bulldozer—90 hrs. at $18.00 per hour | $1,620.00 |
| Truck 50 hrs. at $5.00 per hour | $ 250.00 |
| Supervisor—230 hrs. at $10.00 per hour | $2,300.00 |
| Laborers—320 hrs. at $6.00 per hour | $1,920.00 |
| | $11,474.78 |

The denial of the defendant's requests for rulings of law on the ground that they were inapplicable to facts found raised the question as to whether findings of the trial justice were supported by the evidence.

*Levine v. Karsun,* 24 Mass. App. Dec. 74 (1966). The findings of the justice must be sustained if the evidence reported considered in its aspects most favorable to the plaintiff supports them. *Sutherland v. McGee,* 329 Mass. 530 (1952). The credibility of testimony and inference to be drawn from the evidence within the range of permissible inference are for the determination of the trial justice as trier of facts and cannot be reviewed. *Loud v. Belmont Ways,* 34 Mass. App. Dec. 85 (1966). The report of the trial justice shows ample basis for his findings of fact. The defendant's requests were rendered immaterial by findings warranted by the evidence. *DiIso v. Bel-*

*lino,* 338 Mass. 801 (1959). The foregoing also shows ample justification for the justice's ruling in favor of the plaintiff's request No. 9.

On further consideration of defendant's requests 6, 7 and 8 where they suggest conduct on the plaintiff's part (however vaguely in request no 7) to preclude him from recovery in Count 2, the trial justice was not persuaded to reach that conclusion on the facts, and no law was advanced to show that he should, nor have we been able to find any. See generally *Loftus v. Lauf,* 329 Mass. 374 (1952).

We perceive no prejudicial error and an order should be entered **dismissing the report.**