Jodrey, J.
This is an action in contract in which the plaintiff-sellers seek tc recover an alleged balance of $20,000.00 due as a deposit after the defendant-buyer’s breach of the parties’ real estate purchase and sale agreement.
Judgment was entered for the plaintiffs in the sum of $8,500.00.
The report indicates that the parties executed an agreement on February 8, 1985 for the sale of the plaintiffs’ Bedford, Massachusetts property at a purchase price of $350,000.00. The agreement recorded a $5,000.00 deposit made by the defendant in conjunction with its January 16, 1985 offer to purchase; and further called for the payment of both an additional $20,000.00 sum on May 15,1985 and the $325,000.00 balance at the scheduled September 3,1985 closing. The purchase and sale agreement was expressly conditioned upon the plaintiffs’ successful arrangement of a land swap with abuttors to secure an adequate right of way for the property in question, and upon the defendant-buyer’s approval thereof. Finally, paragraph 22 of the parties’ agreement stated: '
If the Buyer shall fail to fulfill the Buyer’s agreements hereunder, all deposits made hereunder by the Buyer shall be retained by the Seller as liquidated damages which shall be the Seller’s sole recourse at law or in equity.
The plaintiffs fulfilled the contract’s “land swap” contingency and secured the necessary right of way be exchanging a portion of their property and the sum of $8,000.00 for certain realty owned by an abuttor. The defendant thereafter failed to pay the $20,000.00 sum due on May 15,1985. Orí October 15, 1985, the plaintiffs executed a purchase and sale agreement with a new buyer for the sum of $325,000.00. The projected closing date of this transaction was March 1, 1986.
Both parties filed requests for rulings of law. The plaintiffs’ requests were deemed waived in view of the court’s ultimate finding. Subsidiary findings, including the following, were entered by the trial justice:
The defendant breached the contract of purchase and sale by failing to pay by May 15,1985 the $20,000.00 deposit as provided by the agreement.
*123 Clause #22 of said purchase and sale agreement provided that ‘all deposits made hereunder by the Buyer shall be retained by the Seller as liquidated damages which will be the Seller’s sole recourse at law or in equity.’
Contract provisions which clearly and reasonably establish liquidated damages should be enforced, if‘not so disproportionate to the losses and expenses caused by the defendant’s breach as to constitute a penalty.’
The Seller had others interested in this property and was in fact able to enter into another purchase and sale agreement, without delay, at about the same price and no complicating factors were presented for the Court’s consideration which would make actual damages difficult to calculate.
The Court finds the liquidated damages provision of the purchase and sale agreement in the instant case to be grossly disproportionate to a reasonable estimate of actual damages.
The plaintiffs thereafter claimed an appeal to this Division on a charge of error in the court’s determination that the liquidated damages clause of the parties’ agreement provides for a sum grossly disproportionate to a reasonable estimate of actual damages.
1. The defendant has filed a motion to dismiss the plaintiffs’ appeal on the grounds that the report sub judice sets forth no ruling of law requested by the plaintiff-appellants which may serve as a basis for appellate review. Said motion is denied.
The report in fact contains seven requests for rulings of law submitted by the plaintiff upon which no action was taken by the trial court. Requests filed by the prevailing party, other than those which pertain to damages, are customarily deemed waived in district court practice. Caruso v. Peirce, 48 Mass. App. Dec. 177, (1972). Where, however, some portion of the finding is adverse to the prevailing party, as in the instant case where the damages awarded were less than the sum sought, a trial justice’s inaction upon relevant Rule 64(b) requests will be considered tantamount to a denial of such requests. DiPerrio v. Holden, 341 Mass. 342, (1960). See also, Caccavaro v. American Motorists Ins. Co., 355 Mass. 797, 798 (1969); Wolfe v. Laundre, 327 Mass. 47, 49-50 (1951).
Plaintiffs’ requests for rulings numbers 4 and 5[2] correctly state the legal principles applicable to provisions for liquidated damages in purchase and sale agreements. These requests, which were implicitly denied by the trial court’s inaction upon them, were inconsistent with the trial court’s determination that Clause 22 of the parties’ agreement provided for seller’s damages in an amount so disproportionate to actual losses as to constitute an unenforceable penalty. The plaintiffs’ charge of error in the court’s implied denial of requests 4 and 5 is a sufficient basis for the[1] prosee ution, of an appeal by the plaintiffs. Such allegation of error raises an issue on appeal as to the propriety of the court’s ultimate finding which rendered such requests immaterial. See Vander Realty Co. v. Gabriel, 334 Mass. 267, 269-270 (1956); Wakefield Construc. Co. v. Mastrorillo, 58 Mass. App. Dec. 118, 122 (1976).
2. The scope of Appellate Division review is limited to issues of law actually *124 reported and those legal questions “necessarily attendant” to them. Bushnell v. Bushnell, 393 Mass. 462, 465 (1984). In requesting a report on the trial justice’s subsidiary ruling that liquidated damages in the sum of $25,000.00 was unreasonably disproportionate to actual damages, the plaintiffs have effectively placed before this Division an issue as to the proper interpretation or legal effect to be accorded to Clause 22 of the parties.’ agreement. The construction of a purchase and sale agreement or any written contract presentía pure question of law entirely within the jurisdiction of this Division. Tri-City Concrete Co. v. A.L.A. Construc. Co., 343 Mass. 425, 427 (1962); Ratner v. Hill, 270 Mass. 259, 252 (1930); Coleman v. Kennedy, 40 Mass. App. Dec. 182, 184 (1968). Given the issue raised by the plaintiffs’ appeal, our construction of Clause 22 and consequent modification of the lower court’s ultimate ruling is not restricted by the defendant-appellee’s failure to initiate a successful cross-appeal in this case. Cottingham v. Yankee Pontiac Buick, Inc., 53 Mass. App. Dec. 46, 55-56 (1974).[3]
The trial court’s ultimate ruling herein was premised upon an erroneous, subsidiary determination that the amount of the liquidated damages in question was $25,000.00. It is evident that the court read the “deposits made” language of Clause 22 as encompassing both the initial, $5,000.00 deposit actually made by the defendant and the $20,000.00 payment which the defendant failed to make. It is unnecessary to review the court’s further determination that such $25,000.00 sum was unconscionably excessive on the facts of this case, for the only permissible construction of the parties’ written agreement is that the plaintiffs’ liquidated damages were limited to $5,000.00.
Clause 22 entitled the plaintiffs, as their “sole recourse at law or in equity,” to retain as liquidated damages for any buyer’s breach “all .deposits made hereunder.” Construing this unambiguous language according to the. usual and ordinary meaning of the terms employed by the parties, Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 84 (1956); Keerd v. Usen, 1982 Mass. App. Div. 239, 245, it is clear that “deposits made” refers to ány and all deposits actually paid at the time of the buyer’s breach. The only sum actually paid as a deposit by the defendant at the time of its May 15,1985 contract breach was the initial $5,000.00 deposit made in conjunction with its Offer to Purchase of January 16, 1985. This construction of Clause 22 is consistent with the plain language of Clause 7 of the parties’ agreement which is captioned “Purchase Price.” Contract construction requires the interpretation of a written instrument in its entirety, as an integrated whole. Parker v. Morrell, 59 Mass. App. Dec. 34, 39 (1976). The only sum designated as a deposit in Clause 7 is the $5,000.00 sum in question; the remainder of Clause 7 simply refers to two payments of $20,000.00 on May 15, 1985 and of $325,000.00 at the closing which was scheduled (Clause 8) for September 3,1985. The only comparable, but inconclusive, treatment accorded the $5,000.00 and $20,000.00 sums in Clause 7 was an asterisk designation that such monies were to be held in *125 escrow by the plaintiffs’ broker prior to the closing.
The plaintiffs’ assertion in requested ruling number 5 that they are entitled to also recover $20,000.00 as the unpaid balance of the amount agreed upon as a deposit, see Warner v. Wilkey, 2 Mass. App. Ct. 798, 799 (1974)[4] simply begs the question at hand as to whether the $20,000.00 was intended by both parties as a second deposit. Moreover, even if it were so intended at the time of contract execution, Clause 22 of the parties’ agreement restricts seller’s liquidated damages to “deposits made,” or monies paid as a deposit at the time of the defendant’s breach. The plaintiffs’ position that both the $5,000.00 and $20,000.00 sums were “deposits made” is illogical and indefensible. The plaintiffs cannot simultaneously claim that the defendant’s breach of the parties’ contract consisted of a failure to make a deposit of $20,000.00 and then endeavor to include the same $20,000.00 sum in an aggregate of actual “deposits made.” Parties are bound by the contractual language they utilize and cannot rewrite their agreements after breach to secure a more favorable outcome than that anticipated and agreed to at the time of contract execution. The plaintiffs, who actually drafted the parties’ contract, must be held to the letter of their agreement.
3. Recognizing that provisions for liquidated damages constitute a “well-established solution to the problems of expense and uncertainty in litigating the precise damages in cases of this kind.. .[and that] the proper course is... not to undertake to be wiser than the parties,” Lynch v. Andrew, 20 Mass. App.
Ct. 623, 627 (1985), Massachusetts courts are disinclined to hold such clauses unenforceable. Factor Realty Corp. v. Corbin-Holmes Shoe Co., 312 Mass. 325, 332 (1942); Kaplan v. Gray, 215 Mass. 269, 271-272 (1913). Given the trial justice’s assessment of actual damages in excess of $8,500.00 herein, there is no basis for a determination that a provision for liquidated damages in the sum of only $5,000.00 is unconscionably excessive or so unreasonably and grossly disproportionate to the real damages caused by the defendant’s breach as to constitute á penalty.[5] Begelfer v. Najarían, 381 Mass. 177, 180 (1970); A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675 (1956). Accordingly, the plaintiffs are entitled to a literal enforcement of Clause 22 herein and thus to a judgment for liquidated damages in the amount of $5,000.00 as agreed to by the parties.
4. Judgment for the plaintiffs in the amount of $8,500.00 is vacated. Judgment is to be entered for the plaintiffs in the amount of the deposit now . held by the plaintiffs’ broker; namely, $5,000.00.

“4. Contract provisions which clearly and reasonably establish liquidated damages should be enforced if not so disproportionate tothe losses andexpenses caused by theDefendant’s breach as to constitute a penalty [citations omitted] ”
“5. Where purchasers default in a land sale contract, the vendor may retain purchaser’s preclosing deposit as liquidated damages, and the Court may assess as damages the unpaid balance of the amount agreed upon as a deposit [citations omitted] ”

The principle that “failure to take a cross-appeafprecludes a party from obtaining a judgment more favorable to it than the judgment entered below,” see Roberts v. Grise, 387 Mass. 1004, 1005 (1982; Todd v. Foster, 328 Mass. 136, 140 (1951); Boston Edison Co. v. Boston Redevelop. Auth., 374 Mass. 37, 43 n.5 (1977), is a rule of practice only and not a statement of^any limitation on the powers of appellate courts, O'Connor v. City Manager of Medford, 7 Mass. App. Ct. 615, 617 (1979) and cases cited. The defendant herein did, m fact, file a timely Dist./Mun. Cts. R. Civ. P. ,.Rule64(c)(l )(i) request for a report and a motion to extend the time'for filing a draft report. This motion was denied by the lower court. See, as to judicial discretion on Rule 64 (c)(l)(ii) motions, Federal Dep. Ins. Corp. v. Daniel, 1984 Mass. App. Div. 98, 99; Marquis v. Galasti, 1982 Mass. App. Div. 218, 219. In questioning the correctness of the trial court’s ultimate conclusion that the sum of $25,000.00 constituted an unenforceable penalty on the facts of this case, the plaintiffs unavoidably and necessarily called into question the premise for that conclusion; namely, that the sum in question was $25,000.00.

The Appeals Court’s rescript opinion in Warner does not disclose the nature or origin of the unpaid deposit balance in that case. It is clear, however, that an unpaid deposit balance resulting from; e.g., the dishonor upon presentment of a purchaser’s check can be recovered by a seller. See, e.g., Hansen v. Kernweis, 52 Mass. App. Dec. 23 (1973). Such is not the case herein.

The plaintiffs’ actual damages may well have exceeded even the sum assessed, in view of the $25,000.00 reduction in the purchase price offered by the new buyer and additional property carrying costs incurred because of the six month delay between the defendant’s scheduled closing date and the projected closing date under the new contract. However, liquidated damages are deemed a penalty only when they exceed, not when they are less than, actual damages. See Graves Equip. Inc. v. M. DeMatteo Construc. Co., 397 Mass. 110, 112-113 (1986); Kaplan v. Gray, supra at 273. As the plaintiffs agreed to liquidated damages as their “sole recourse at law or in equity," they cannot now obtain judicial relief from their own bargain simply because they failed to anticipate and contractually cover certain losses.