WILLIAM J. O'NEILL *vs.* ANNIE E. O'NEILL, executrix.

Plymouth.    November 20, 1918. — November 21, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Probate Court,* Appeal.

An order of a single justice of this court denying a petition for leave to enter late an appeal from a decree of the Probate Court on the grounds that the petition was not filed within the time allowed by R. L. c. 162, § 14, and that, if it had been, the petitioner had not brought himself within the requirements of § 13 cannot be reviewed on appeal in the absence of any report of the evidence.

PETITION for leave to enter late an appeal from a decree made on December 11, 1916, by the Probate Court for the county of Plymouth allowing the will of Denis O'Neill.

The executrix of the will of Denis O'Neill filed a motion to dismiss the petition for the reason that it was not filed within one year after the passing of the decree complained of.

The matter was heard by *De Courcy,* J., who made an order denying the petition with a memorandum as follows:

"The petition for leave to enter the appeal late is denied. It was not filed within the time allowed by R. L. c. 162, § 14; and, even if the statute did not expressly limit the time for filing this petition, the petitioner has not brought himself within the requirements of § 13. This renders unnecessary any action on the motion of the executrix to dismiss." The petitioner appealed.

The case was submitted on briefs.

*D. Flower*, for the petitioner.

*W. J. Coughlan & D. R. Coughlan*, for the respondent.

By THE COURT. This is a petition for leave to enter late an appeal from a decree of the Probate Court under R. L. c. 162, §§ 13, 14. The probate decree is alleged to have been entered on December 11, 1916. The record does not show when this petition was filed. See *O'Neill* v. *O'Neill*, 229 Mass. 508. No evidence is reported. There is no reason to doubt the correctness of the findings of the single justice that the petition was not filed within the time allowed by § 14 of the statute, and that the petitioner has not brought himself within the provisions of § 13. These were pure questions of fact, which cannot be reviewed in the absence of a report of the evidence. There is no support whatever in the record for the contention of the petitioner that the case was not before the single justice for a hearing on its merits.

*Decree denying petition affirmed.*