## A. LORETTA FAIRBANKS *vs.* DANIEL B. BEARD & others.

Essex.   November 22, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Appeal, Order of court, Vacation of judgment.   *Judgment.*

A signing of an order by a judge of the Superior Court by his initials only is of no effect.

Judicial action ought to be manifested and authenticated by the signing by a judge in writing of the distinctive characterization in words by which he was commissioned, by which he is known and distinguished from others and which constitutes his name, or by a record of such action made by the clerk.   Per RUGG, C.J.

A dismissal of an action for failure to prosecute it is a final judgment.

The disposition of a motion to vacate a judgment rests in the sound discretion of the court, and a mere refusal to grant such a motion raises no question of law.

The record of an appeal from an order of the Superior Court denying a motion to vacate a judgment contained a " motion to remain on docket," an order made thereon that the motion was allowed and that the case was to be dismissed on the succeeding April 1 " if not otherwise disposed of prior to that date," a motion to extend the time and an order denying that motion, a dismissal of the action on April 1, a motion filed two and one half months later for an order to vacate the judgment and an order denying that motion. *Held,* that no error of law or abuse of discretion was shown on the record.

TORT.   Writ dated September 8, 1919.

Proceedings preceding the plaintiff's motion to vacate a judgment entered for failure of the plaintiff to prosecute her action are described in the opinion.   The motion was denied.   The plaintiff appealed.

*A. L. Fairbanks,* pro se.

*S. H. Hollis,* for the defendant Charles G. Woodbridge.

RUGG, C.J.   The record presented in this case consists of a " Motion to Remain on the Docket " filed September 21, 1922.   On October 18, 1922, this order was made: " Motion allowed.   Case to be dismissed April 1, 1923, if not otherwise disposed of prior to that date."   A " Motion to Extend Time " was filed on March 23, 1923.   That motion was denied on March 29, 1923; and on April 1, 1923, the case was dismissed.   There was filed on June 22, 1923, " Motion for

Order to Vacate Judgment." On the record under the same date follows this entry: " Motion to Vacate Judgment denied. H. A. D. J. S. C." The last three letters are an appropriate abbreviation for " Judge of the Superior Court." If it be assumed that the three preceding letters are the initials of a judge, they are of no effect. Judicial action ought to be manifested and authenticated by the writing of the distinctive characterization in words by which he was commissioned, by which he is known and distinguished from others and which constitutes his name, or by a record of such action made by the clerk. *Webber* v. *Davis*, 5 Allen, 393, 397. *Chapman* v. *Limerick*, 56 Maine, 390, 393. See cases collected and reviewed in *Finnegan* v. *Lucy*, 157 Mass. 439. Private obligations may stand on a different footing. *Sanborn* v. *Flagler*, 9 Allen, 474. The last six letters of that entry must be disregarded. They form no part of the record. See *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. The other words of the entry have meaning and are covered by the general attestation of the clerk. *Commonwealth* v. *Quigley*, 170 Mass. 14. Hence it appears that, on the same date, the motion to vacate judgment was denied. An appeal was filed on June 25, 1923.

No evidence is reported. There are no findings of facts and no rulings of law to be found on the record. It cannot be determined whether any of the assertions of facts made in the several motions were found to be true or false. That was wholly within the province of the trial court. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314. Those assertions cannot be accepted as true on such an appeal as this. *Commonwealth* v. *Russ*, 232 Mass. 58, 70.

The dismissal on April 1, 1923, was a final judgment. *Karrick* v. *Wetmore*, 210 Mass. 578.

The disposition of a motion to vacate judgment rests in the sound discretion of the court. The mere refusal to grant it raises no question of law. *Ryan* v. *Hickey*, 240 Mass. 46, 47, and cases there collected. *Boston Elevated Railway* v. *Leighr*, 241 Mass. 582. *Maker* v. *Bouthier*, 242 Mass. 20, 24.

It is assumed in favor of the appellant that this motion to vacate judgment was entered as a separate proceeding. But

whether it was or not, since no question of procedure has been raised, the case has been considered on its merits. *Maker* v. *Bouthier*, 242 Mass. 20.

No error of law or abuse of discretion is shown on this record. The case is covered by numerous authorities. *Rose* v. *Harrison*, 228 Mass. 261. *Cobb* v. *Hale*, 172 Mass. 387. *Commonwealth* v. *Phelps*, 210 Mass. 360. *Mower* v. *Beard*, 213 Mass. 198. *Moran* v. *Murphy*, 230 Mass. 5. *O'Neill* v. *O'Neill*, 231 Mass. 258. *Samuel* v. *Page-Storms Drop Forge Co*. 243 Mass. 133, 136.

*Order dismissing petition affirmed.*