J. F. DICKEY v. CITY OF FORT LAUDERDALE

183 So. 724.

Division A.

Opinion Filed October 10, 1938.

*Chancey & Chancey,* for Appellant;

*George W. English, Jr.,* for Appellee.

PER CURIAM.—The appeal brings for review a final decree in the following language:

"This cause came on for hearing on September 8th, 1938, at ten o'clock A. M., upon the Bill of Complaint, the Answer thereto, and an agreed statement of fact.

"The Bill of Complaint sought to enjoin the City of Fort Lauderdale from issuing certain hospital revenue certificates for the purpose of obtaining funds to construct an addition and improvements to a hospital operated by the said City, to be paid solely out of the net revenues arising from the operation of the said City Hospital, without an election; upon the ground that the hospital had been operated for only a short period, and, while it showed a net revenue, that the period of operation had been of such short duration that no reasonable estimate of its anticipated revenues could be made and that it was necessary, before the certificates could be issued, to submit the same to a vote of the freeholders of said City, for their approval, at an election called and held for such purpose; and that, under such circumstances, the issuance of said certificates would violate Section 6 of Article 9, of the Florida Constitution, as amended. The Defendant City filed its answer, denying the above allegations. An agreed statement of fact was submitted to the Court at the above hearing, and, after considering said cause, the Court finds as follows:

"FINDING OF FACT

"1. That, during the latter part of 1937, the City of Fort Lauderdale entered into an agreement to purchase a building and grounds for the purpose of establishing a hospital; that the terms and conditions of purchase are reasonable and the City is levying a special tax for the purpose of paying for said building and grounds; that on the 5th day of January, 1938, the City began the operation of a hospital; that from the beginning of the operation until the present time, the City has shown sufficient net revenues to care for the proposed issue of certificates; that. prior to the establishment of the said hospital by the City, the Broward Medical Society had operated a Hospital in said City,

with very limited accommodations, for a period of six months, with net revenues of Three Thousand ($3,000.00) Dollars, or more; that prior to the opening of the said Hospital by the Broward Medical Society, there had been successfully operated, for several years, in the City of Fort Lauderdale, a private hospital, which had shown reasonable net revenues; but the latter hospital has changed hands and is now being operated as an institution for convalescents and rest patients, and that the said hospital has announced that it will not accept patients requiring hospital service and treatment.

"2. That the said net revenues arising from the operation of the hospital by said City have not been pledged, in whole or in part, to the payment of any bonds or other obligations of the said City, or for any other purpose.

"3. That the normal population of the area surrounding the hospital being operated by the City is approximately sixteen thousand; that the population of said area is rapidly increasing; that during the winter season the population has been from two to two and one-half times the normal population.

"4. That the additions and improvements proposed to be made are a vital necessity, taking into consideration the rapid increase in the growth of the population and the present accommodations in said hospital, and the further fact there is only one other small privately owned hospital in the County.

"5. That taking into consideration the financial history of the hospitals heretofore operated in Fort Lauderdale in connection with the showing of the Broward General Hospital since it has been operated by the City, a sufficient showing has been made to form a basis for the issuance of the proposed hospital revenue certificates in the amount and payable in the manner proposed.

"6. That the proposed issuance of hospital revenue certificates will be paid solely out of the net revenues arising from the operation of said hospital and that the City is neither directly or indirectly pledged to exercise its governmental power of taxation to discharge these certificates.

"7. It is the opinion of the Court that this case is controlled by the cases of State versus City of Miami, 152 So. 6; Roach versus City of Tampa, 169 So. 627.

"WHEREFORE, IT IS CONSIDERED, ADJUDGED AND DECREED that the application for an injunction be, and the same hereby is denied.

"IT IS FURTHER ORDERED that the Bill of Complaint be, and the same hereby is, dismissed.

"DONE AND ORDERED in Fort Lauderdale, this 9th day of September, A. D. 1938.

> "(signed) GEORGE W. TEDDER.
> "Judge, Circuit Court in and
> for Broward County, Florida."

The findings of fact are supported by the record and correct principles of law were by the Circuit Judge applied to the facts. We approve the same and affirm the decree.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.