**STATE OF FLORIDA v. CITY OF FORT LAUDERDALE, a Municipality in the County of Broward, State of Florida.**

5 So. (2nd) 263
December 19, 1941

Division A

Phil O'Connell, and Louis F. Maire, for appellant.

George W. English, Jr., and J. B. Patterson, for appellee.

ADAMS, J.:

This is an appeal from final decree validating certain hospital revenue certificates. Counsel for both parties has submitted six questions for our determination. We find these questions are supported by the record and assignments of error. The first question is:

"Where a City owns and operates a hospital and has authorized the issuance of revenue certificates payable from the revenues derived through the treatment of paying patients, after there has first been deducted from such revenues that part of the expenses of operating and maintaining said hospital which, under a formula set up in the ordinance authorizing the certificates, is arbitrarily charged to the care of said paying patients, and where the remainder of the operating expenses of said hospital is charged, under said formula, to care and treatment of the indigent sick of the territory serviced by said hospital and is to be paid from the proceeds of ad valorem taxes levied on property in the municipality, so that it cannot be shown that all of the operating expenses of the hospital and principal of and interest on the certificates are payable solely from the revenues derived from the operation of said hospital, may such certificates be issued without holding the freeholders' election required by Section 6, Article IX, of the Constitution of Florida?"

Section 6, Article IX, of the Florida Constitution provides:

"The Legislature shall have power to provide for issuing State bonds only for the purpose of repelling invasion or suppressing insurrection, and the counties, districts or municipalities of the State of Florida shall have power to issue bonds only after the same shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such counties, districts, or municipalities shall participate, to be held in the manner to be prescribed by law; but the provisions of this law shall not apply to the refunding

of bonds issued exclusively for the purpose of refunding of the bonds or the interest thereon of such counties, districts, or municipalities."

The City of Fort Lauderdale has the authority to construct and operate hospitals, to finance the construction of same and pledge the revenue from same for the repayment of the money so borrowed. Chapter 10552, Special Acts, 1925. Dickey v. City of Fort Lauderdale, 135 Fla. 193, 183 So. 724; Roach v. City of Tampa, 125 Fla. 62, 169 So. 627.

The second question submitted for our consideration is as follows:

"Where a City is authorized by its Charter to establish a hospital, and it does so, and has operated the same for a period of approximately three and one-half years, and from said operation it is shown that the annual operating revenues of said hospital derived through the treatment of paying patients, after first deducting therefrom that part of the expenses of operating and maintaining said hospital which is chargeable to the care of such paying patients (as such part of such expenses is determined pursuant to the expense allocation formula set forth in Sections 8, 9 and 10 of the ordinance authorizing said certificates), is sufficient to retire the principal and interest of revenue certificates to be issued, can the City, under such circumstances, issue hospital revenue certificates payable solely out of such net revenues derived from the treatment of paying patients without the approval of a majority of the freeholders of the City at an election held for such purposes as required by Section 6, Article IX, of the Constitution of Florida?"

See Boykin v. River Junction, 124 Fla. 827, 169 So. 492.

On this question the lower court had before it evidence which we find competent and satisfactory to justify the decree entered.

The third and fourth questions are as follows:

"Does the formula employed in Sections 8, 9 and 10 of the ordinance authorizing said certificates properly determine the part of operating expenses of said hospital that may be paid from revenues from pay patients and the part of such expenses that may be paid from tax funds or from funds other than revenues from pay patients?"

"Does the expense allocation formula employed in Sections 8, 9 and 10 of the ordinance authorizing said certificates provide for an unconstitutional diversion or use of tax moneys toward payment of an improper share of the expense of operation of said hospital?"

The third question was answered in the affirmative and the fourth in the negative by the lower court. This determination we find was without error.

The fifth question submitted is:

"Are the revenue certificates to be issued by the City of Fort Lauderdale, Florida, invalid because said City has contracted to sell a portion thereof, when issued to Reconstruction Finance Corporation without advertising for bids for the purchase of same?"

It is insisted that the court erred by answering this question in the negative by reason of Section 136 of the City Charter cited above which prohibits the sale and disposition of City bonds without advertising for bids for the purchase of same. This contention is without merit. The obligations in question are not bonds, within the contemplation of the Statute. Section 136, supra, has no application to the type of obligation before the Court.

The sixth question is as follows:

"Are revenue certificates and the coupons attached thereto of the City of Fort Lauderdale, Florida, invalid because the ordinance authorizing the execution of such certificates authorizes the Mayor-Commissioner and City Manager of said City to execute same, and authorizes the City Auditor and Clerk of said City to countersign same and affix thereto the Seal of said City, and further authorizes the Mayor-Commissioner, City Manager and City Auditor and Clerk to cause the coupons attached to said certificates to be executed by their respective facsimile signatures?"

It appears to us that the certificates in question are to be executed or have been executed in accordance with the City Charter and this contention of the appellant is wholly without merit.

We have carefully examined the entire record, final decree and briefs and find the final decree amply supported by the evidence and the procedure in accord with the law, therefore the final decree is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.