*Northern District*

No. 5022

**GRACE E. BUTLER**

v.

**JUNE CROMARTIE, et al**

(January 31, 1957)

*Gadsby, P. J.* This is an action of tort to recover for personal injuries resulting from a collision of two motor vehicles, the one being owned and operated by the plaintiff, the other being owned by June W. Cromartie and being operated by Joseph Cromartie. The accident occurred on November 12, 1955 at the intersection of Washington Street and West Brookline Street in Boston. The answer is a general denial and contributory negligence.

*At the trial there was evidence tending to show that* shortly before midnight the plaintiff's vehicle was being operated on West Brookline Street and before entering the intersection of West Brookline Street and Washington Street, came to a full and complete stop, in order to allow traffic to pass. The plaintiff looked to her left down Washington Street,

and seeing no oncoming vehicles proceeded across the intersection; that when the plaintiff's vehicle was about half-way across the intersection it was struck on the front of the left side by the front of the Cromartie vehicle; that the force of the impact pushed the plaintiff's vehicle to its right some three feet, and damaged it. The plaintiff saw the defendant's vehicle at just about the time it struck her vehicle and that the defendant's vehicle which came from the plaintiff's left was traveling without lights. Joseph Cromartie was on business of June W. Cromartie at the time of the accident.

The defendant introduced evidence that the defendant's vehicle, traveling with its lights on, had reached and entered intersection area before plaintiff reached the area; that area was well lighted; that defendant operator looked to his right as he entered intersection area and saw plaintiff more than 100 feet back of intersection; that defendant, at that time was traveling about 12 miles per hour; that defendant vehicle had nearly crossed intersection area before colliding with plaintiff's vehicle; that points of contact were right front of defendant vehicle and left front of plaintiff vehicle; that plaintiff did not see defendant motor vehicle until the collision.

At the close of the evidence and before final arguments the defendant made requests for rulings, which with the judge's action thereon were as follows:—

1. On all the evidence the plaintiff is not entitled to recover. *Denied.*

2. The defendant was not negligent. *Denied.*

3. The plaintiff's own negligence caused her injury. *Denied.*

4. The automobile driven by the defendant was registered in the name of the owner. *Allowed.*

5. Whereas the plaintiff testified that she did not see the defendant vehicle until after she was hit and further testified that the streets were adequately lighted, she is barred from recovery because of contributory negligence. *Denied. I find the plaintiff was not negligent.*

The report states that it contains all the evidence and material to the questions reported. We assume that it means that it contains all the evidence material to the questions reported.

 The Court correctly denied the defendants' request number 1, which was defective in that it contained no specifications as required by Rule 27 of the District Courts. *Holton v. Amer. Pastry Products*, 274 Mass. 268, 270; *Magrath v. Sheehan*, 296 Mass. 263 at 264.

 However, request number 2 raises a different situation. The dual function of a trial judge sitting in a case without a jury has so often been discussed by this Court that repetition is unnecessary. The denial of this request was not accompanied by any specific findings of fact by the trial judge. The defendant is thus unable to determine along what lines the judge proceeded in arriving at his decision. Did the judge submit the crucial question of fact based on this request to himself as jury or did he decide as matter of law that there was nothing to submit to himself in his dual capacity as jury?

In the usual situation, we could sustain the denial of such a request provided it became apparent that it was immaterial in view of specific findings of fact by the trial judge that the defendant was negligent, but the difficulty with the present situation is that there is no such specific finding and we are not permitted to assume anything. Furthermore, in disposing of request, the trial judge cannot be aided by any presumption. The burden is definitely upon him to make it apparent on the record that he acted without error. The losing party was entitled to know what means the judge took in arriving at his conclusion. *Hetherington & Sons v. Firth Co.*, 210 Mass. 8 at 17; *Mericantante v. Boston & Maine RR.*, 291 Mass. 261 at 263.

There being prejudicial error in the disposition of the defendant's request number 2, the finding for

the plaintiff is vacated and the case ordered remanded for a new trial.

Kenneth L. Arbetter, for the Plaintiff.
Gabriel Kantrovitz, for the Defendants.