STATE of Oklahoma ex rel. INDEPENDENT SCHOOL DISTRICT NUMBER ONE OF TULSA COUNTY, Oklahoma, Plaintiff,

v.

Mac Q. WILLIAMSON, Attorney General and Ex Officio Bond Commissioner of the State of Oklahoma, Defendant.

No. 39012.

Supreme Court of Oklahoma.

May 17, 1960.

C. H. Rosenstein, Tulsa, Rosenstein, Mesirow & Fist, Tulsa, of counsel, for plaintiff.

Mac Q. Williamson, Atty. Gen., Lynnie Clayton Spahn, Asst. Atty. Gen., for defendant.

WELCH, Justice.

The only question presented for consideration is the legality and validity of the facsimile signatures of the County Clerk and the County Attorney.

It is the contention of the defendant that the Uniform Facsimile Signature of Public Officials Act (Title 62 O.S.Supp. 1959, Secs. 601–606) is in conflict with and violates the provisions of Sec. 29, Article X, Oklahoma Constitution, in that it purports to authorize a facsimile signature of public officials on public bonds, as a substitute for an autographed manual signature required by the fundamental law of the State.

Section 29 of Article X, Oklahoma Constitution, provides in pertinent part as follows:

"* * * No bond or evidence of, debt of any county, or bond of any township or any other political subdivision of any county, shall be valid unless the same have endorsed thereon a certificate signed by the County Clerk, or other officer authorized by law to sign such certificate, and the County Attorney of the county, stating that said bond, or evidence of debt, is issued pursuant to law, and that said issue is within the debt limit."

The pertinent part of Title 62 O.S.Supp. 1959 (Title 62, Chapter 1, page 258, Oklahoma Session Laws 1959) is section 601, paragraph (c) and section 602, which provide as follows:

"(c) 'Facsimile Signature' means the reproduction by engraving, imprinting, stamping or other means of the manual signature of an authorized officer."

"§ 602. Any authorized officer, after filing with the Secretary of State his manual signature certified by him under oath, may execute or cause to be executed with a facsimile signature in lieu of his manual signature:

"(a) Any public security, or any certificate thereon or thereto, provided that at least one signature required or permitted in the execution of such public security shall be manually subscribed.

"Upon compliance with this Act by the authorized officer, his facsimile signature has the same legal effect as his manual signature. * * *"

From an examination of the pertinent section of our Constitution we are unable to construe the wording to require a manual signature on the certificate by the county clerk and county attorney; it only requires that same be signed by these officials.

In 80 C.J.S. Signatures § 7, p. 1292, it is said:

"In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party may be sufficient for the purpose of signing it, and it has been held or recognized that it is immaterial with what kind of instrument a signature is made.

"Facsimile signature of a person may be a genuine signature."

While the view has been that under some circumstances at least, a typewritten name of an officer on an official document is not sufficient to constitute a signature, and a like view has been taken as to the use of a facsimile signature produced by a rubber stamp; it has been held or recognized that under some circumstances an officer may sign by means of a facsimile signature of an autographed signature stamp, of a rubber stamp, or of a typewriter. 80 C.J.S. Signatures § 9, p. 1296.

The verb "to sign" is defined as meaning " 'to affix a signature to; to ratify by hand or seal; to subscribe in one's own handwriting;' to show or declare assent, or attention, by some sign or mark; to write one's name on paper * * * or mark; and, as applied to a written instrument, ordinarily it indicates the signing with one's own hand." A signature has also been defined as the act of putting down a person's name at the end of an instrument to attest its validity, any mark or sign made on an instrument or document in token of knowledge, approval, acceptance, or obligation; and also as whatever mark, symbol, or device one may choose to employ as representative of himself. Stated in greater detail, in legal contemplation "to sign" means to attach a name or cause it to be attached by any of the known methods of impressing the name on paper with the intention of signing it. 80 C.J.S. Signatures § 1, pp. 1284 and 1285.

The Court of Criminal Appeals of Oklahoma recognized this principle in Moss v. Arnold, 63 Okl.Cr. 343, 75 P.2d 491, and Boyer v. State, 68 Okl.Cr. 220, 97 P.2d 779.

It has also been recognized by the courts of other jurisdictions, Toon v. Wapinitia Irrigation Co., 117 Or. 374, 243 P. 554, Maricopa County v. Osborn, 60 Ariz. 290, 136 P.2d 270, and State v. City of Ft. Lauderdale, 149 Fla. 177, 5 So.2d 263.

Our Constitution under Section 29, Article X, fails to prescribe any particular method by which the officials must sign the certificate, therefore we are of the opinion that the method prescribed by the Legislature in Title 62 O.S.Supp.1959 is not in conflict with or contrary to the provisions of Sec. 29, Article X of our Constitution.

We have consistently held that an act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain. Standard Company Dairy v. Allen, 188 Okl. 287, 108 P.2d 164; City of Ardmore v. Excise Board of Carter County, 200 Okl. 516, 197 P.2d 961.

Therefore we are of the opinion, and so hold, that said writ be granted as prayed for by petitioner herein.

Writ granted.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.