Fire Insurance — Premium Tax — Domestic Company — Exempt Title 68 O.S. 50001 [68-50001] (1968), is unconstitutional only insofar as it appears to require domestic insurance companies to pay a tax as provided therein. The Attorney General has had under consideration your letter dated June 28, 1968, wherein you request an official opinion. You ask: "Our question is whether or not domestic insurance companies collecting fire insurance premiums on Oklahoma risks are required to pay a tax provided for under Title 68 O.S. 50001 [68-50001] (1967) from which we quote in part: "'There is hereby levied a tax of five-sixteenths (5/16th) of one per centum (1%) of the total gross fire premiums receipts of fire insurance companies and companies writing fire insurance doing business in this state; said tax to be collected in the month of February of each year by the Insurance Commissioner as other taxes on insurance are collected. The Insurance Commissioner shall keep a separate account of all moneys received and pay the same to the State Treasurer. The money so received into the State Treasury after January 1, 1965, shall be placed into a separate fund to be designated as the "Fire Marshal Fund", which is hereby created for the purpose of and for use in enforcing, administering and effectuating the duties of the Fire Marshal Commission and the State Fire Marshal.'" Article XIX, Section 2, paragraph 3 of the Oklahoma Constitution provides in part as follows: "Until otherwise provided by law, domestic insurance companies excepted, each insurance company, . . . shall pay an annual tax . . . on all premiums collected in the state, after all cancellations are deducted, . . ." Section 68 O.S. 50001 [68-50001], supra, was originally enacted by the State Legislature in 1941. It was amended in 1965 and again in 1967. We note that the language "total gross fire premiums receipts of fire insurance companies and companies writing fire insurance doing business in this state" has been consistently used throughout. We have consulted with the State Insurance Commissioner's office and are advised that said office, being the Department of Government charged with the execution of Section 50001, supra, has since 1941 construed the constitutional provision, supra, to exclude domestic insurance companies from the payment of the tax provided by Section 50001, supra. Lincoln National Life Insurance Company v. Read, Insurance Commissioner, et al,194 Okl. 542, 156 P.2d 144, in paragraph four of the syllabus provides: "The long continued construction of a statute by Department of Government charged with its execution is entitled to great weight and should not be overturned without cogent reasons." A careful reading of Section 68 O.S. 50001 [68-50001], supra, reveals a clear and certain conflict with the Constitutional provisions, supra, since the Constitutional provision, supra, specifically excepts domestic insurance companies from the payment of such a tax while 50001, supra, makes no such exception. It is well established that an act will not be declared unconstitutional unless its conflict with the Constitution is clear and certain. State ex rel, Independent School District No. 1 of Tulsa County v. Williamson, Okl. 352 P.2d 394. It is also well established that where a part of a statute is unconstitutional, it does not render the remainder void unless all of the provisions are so connected that it cannot be presumed that the Legislature would have passed the one without the other. Pioneer Telephone and Telegraph Company v. State, 40 Okl. 417,138 P. 1033. It is therefore the opinion of the Attorney General that 68 O.S. 50001 [68-50001] (1967), is unconstitutional only insofar as it appears to require domestic insurance companies to pay a tax as provided therein, and accordingly, it is the opinion of the Attorney General that domestic insurance companies are not required to pay the tax provided for under 68 O.S.Supp. 1967 Section 68[68-68] [68-68] O.S. 50001. (W. Howard O'Bryan Jr.)