*Western District*
No. 107
MARY J. COTTINGHAM
and
GORDON B. COTTINGHAM
v.

**YANKEE PONTIAC BUICK, INC.**
and
**MICHAEL DEBELLA**
Argued: Sept. 17, 1973 - Decided: Jan. 4, 1974

*Present:* Dudley, P.J., Gould & Sloan, JJ.

Case tried to *Donahue, J.* in the Holyoke District Court, No. 169-C-72.

**Dudley, J.** This is an action of tort in two counts against two defendants in which the plaintiffs seek to recover for the alleged conversion of an automobile and for penalties specified under G.L. c. 255 B, § 20A.

The declaration is as follows:

Count 1. (*Tort for Wrongful Repossession*). The plaintiffs, Mary and Gordon B. Cottingham, residents of Holyoke, Massachusetts, say that on or about June 24, 1971, they purchased for their personal family or household use, a blue 1961 two door, hardtop Cadillac motor vehicle from the defendant, Yankee Pontiac Buick, Inc., a corporation organized under the laws of Massachusetts and having a usual place of business at Adams, Massachusetts, through its agent, defendant, Michael J. DeBella, who resides in South Hadley, Massachusetts, pursuant to a retail installment sales contract and subject to a security interest held by the defendant, Yankee Pontiac Buick, Inc. on or about September 25, 1971, the defendants repossessed said motor vehicle. In violation of G.L., Chapter 255B, Section 20A (B), defendants failed within five days of repossession to deliver personally or to send by registered or certified mail a written notice stating that:

1. The motor vehicle, including a general description thereof, has been repossessed;

2. The buyer's right to redeem and the amount payable therefor;

3. The buyer's rights as to resale and his liability for a deficiency; and

4. The exact address where any payment is to be made or notice delivered.

And plaintiff says that the defendants converted to their own use said motor vehicle valued at Three Hundred Ninety-five ($395.00) Dollars.

WHEREFORE, pursuant to G.L. Chapter 255B, Section 20A (E), the defendants owe the plaintiffs the sum of Five Hundred Ninety-Two Dollars and Fifty Cents ($592.50).

Count 2. (*Tort for Wrongful Repossession*)

The plaintiffs, Mary and Gordon B. Cottingham, residents of Holyoke, Massachusetts, say that on or about June 24, 1971, they purchased for their personal family or household use, a blue 1961 two door, hardtop Cadillac motor vehicle from the defendant, Yankee Pontiac Buick, Inc., a corporation organized under the laws of Massachusetts and having a usual place of business at Adams, Massachusetts, through its agent, defendant, Michael J. DeBella, who resides in South Hadley, Massachusetts, pursuant to a retail installment sales contract and subject to a security interest held by the defendant, Yankee Pontiac Buick, Inc.

on or about September 25, 1971, the defendants repossessed said motor vehicle. And plaintiffs say that the defendants, in violation of G.L. Chapter 255B, Section 20A (C) have failed to dispose of said motor vehicle in a commercially reasonable manner in that defendants have converted said vehicle to its own use and have exercised a wrongful dominion over the said vehicle far in excess of their rights as repossessor of the said motor vehicle and defendants have used said motor vehicle in such a way as to greatly diminish its value.

WHEREFORE, pursuant to G.L. c. 255B, § 20A (E) the defendants owe the plaintiffs the sum of Five Hundred ($500.00) Dollars as a penalty.

The answer was a general denial.

A default judgment was entered against the defendants on August 23, 1972 for failure to answer interrogatories.

Counsel for the defendants withdrew from the case November 2, 1972.

On December 20, 1972 a hearing was held on the question of damages and evidence was taken from one of the plaintiffs.

It does not appear in the report as to whether or not the defendants had notice of this hearing or whether or not either defendant appeared at the hearing.

**At the hearing there was evidence to show:**

That plaintiffs and defendants entered into a contract for the sale of a 1961 Cadillac motor

vehicle which was primarily used for personal, family or household use and on September 25, 1971, the defendants repossessed said motor vehicle. After the repossession, the plaintiffs within five days thereof did not receive any correspondence from the defendants and that the plaintiffs had paid $295.00 of the $395.00 purchase price which is more than 60% of the selling price and the defendants did not dispose of the automobile within 90 days in a commercially reasonable manner.

The court made the following findings:

Count 1. For the plaintiffs and assessed damages in the amount of $395.00.

Count 2. For the plaintiffs and assessed damages in the amount of $197.50.

The Court made no other findings.

The plaintiffs filed three motions after the findings were made.

1. For new hearing.
2. To vacate judgment.
3. To correct inconsistent finding.

The plaintiffs claim to be aggrieved by the award of damages, claiming that they are inconsistent with the damages required in the plaintiff's declaration.

The plaintiffs further claim to be aggrieved by the denial of their motion for a new hearing, by the denial of their motion to vacate judgment and the denial of their motion to correct inconsistent finding, the inconsistency

claimed, being a variance between the finding and the amount claimed in the plaintiff's declaration.

We find no prejudicial error.

The alleged grievances are treated as follows:

1. "The plaintiffs claim to be aggrieved by the judge's award of damages in that they are clearly inconsistent with the damages requested in the plaintiff's declaration."

■ The judge is not bound by the plaintiff's pleading in setting damages.

■ The judge is not bound to believe the evidence introduced even if it is uncontradicted. *Godfrey* v. *Caswell,* 321 Mass. 161. *Lindenbaum* v. *N.Y.N.H. & Hartford,* 197 Mass. 314. *Reardon Importing* v. *Security Trust,* 318 Mass. 304. Pleadings are not evidence at a trial. G.L. c. 231, § 87.

■ 2. Plaintiffs "further allege to be aggrieved by the judge's denial of their motion for a new hearing".

According to the docket entries in this case the trial judge's finding was filed and copies mailed to the parties on December 29, 1972. Motion for new hearing was filed January 10, 1973. This was denied after hearing on February 7, 1973.

Under Rule 26 of the District Courts, such a motion must be filed within five (5) days after notice of the finding.

The motion for a new hearing did not comply with Rule 26 and we find no error in its denial.

Further, the allowance of such a motion rests in the sound discretion of the trial judge. *Ryan* v. *Hickey,* 240 Mass. 46. *Loveland* v. *Rand,* 200 Mass. 142. *Davis* v. *Boston Elevated,* 235 Mass. 482 and cases cited. *Hartman* v. *Boston Herald Traveller,* 323 Mass. 56.

In *Galotti* v. *United States Trust Co.,* 335 Mass. 496, the court says "The matter of a new trial is one within the trial judge's discretion and his action will not be set aside unless there has been abuse of discretion, which can seldom be found on review."

See *Perry* v. *Manufacturer's National,* 315 Mass. 653.

In the case of *Dalton* v. *Post Publishing,* 328 Mass. 595 the court said "There is no merit in the exception to the denial of the defendant's motion for a new trial on the grounds that the verdict was against the evidence, the weight of the evidence and the law. The allowance of the motion was discretionary."

■ 3. Relative to the alleged grievance due to the denial of the plaintiff's motion to vacate the judgment:

This motion was filed March 19, 1973 and was denied, after hearing, on March 28, 1973.

The disposition of a motion to vacate judgment rests in sound discretion of the court. The mere refusal to grant it raises no question of law. *Fairbanks* v. *Beard,* 247 Mass. 8.

*Ryan* v. *Hickey,* 240 Mass. 46. *Maker* v. *Bou-thier,* 242 Mass. 20 and cases cited. *Goulding* v. *Toscano,* 13 Mass. App. Dec. 53.

Abuse of discretion can be found only by deciding that no conscientious judge acting intelligently could honestly have taken the view expressed by him. *Perry* v. *Manufacturers National,* 315 Mass. 653. *Bartley* v. *Phillips,* 317 Mass. 35 and cases cited.

We find no abuse of discretion in this case.

Though on the basis of the alleged grievances of the plaintiff we find no error prejudicial to the plaintiff, yet, we do find error in the assessment of damages which was one of the rulings complained of, and since the Appellate Division under Rule 34 has authority to reverse, vacate or modify the same we do so as follows:

Damages under Count #1 should be assessed against the defendant, Yankee Pontiac Buick, Inc. in the sum of $592.50 and on Count #2 in the sum of $500.00 as prescribed by Statute.

A finding for the defendant Michael DeBella should be entered under Count #1 and on Count #2.

The reasons for the above are as follows:

Under the Plaintiff's Declaration, which is binding on the plaintiff but on no other party, repossession of the automobile in question was made pursuant to a retail installment sales contract on which the defendant corporation held a security interest. The action is brought

specifically under G.L. c. 255B, § 20A (B). Nowhere is the individual defendant said to have held a security interest in the vehicle.

The statutory requirements of Chapter 255B, Sec. A and B apply specifically to holders of security interests.

The damages claimed by the Plaintiff include penalties set up under the statute against holders of security interests who fail to comply with the requirements of the Statute.

Since there is no evidence or claim that the individual defendant held any security interest, it has not been shown that he was required to comply with the statute and damages for failure to compy should not be assessed against him.

Further, in Count #2 of the plaintiff's Declaration, the allegation is made that "defendants have converted said vehicle to *its* own use and have exercised wrongful dominion over the said vehicle far in excess of their rights as repossessor" etc, etc.

This language would seem to involve the corporate defendant, who on the record is the repossessor under the security interest and not the individual defendant who had no such interest.

The word "its" would indicate the corporate defendant and the word "repossessor" would indicate the holder of the security interest.

The defendants have not claimed a report nor have they claimed any exceptions but since

the plaintiffs have raised the question of the assessment of damages this decision corrects the error apparent on the face of the record and orders judgment against the individual De-Bella to be reversed and a judgment to be entered for him as defendant.

This Division also orders damages assessed against the defendant Yankee Pontiac Buick, Inc. on Count #1 in the sum of $590.50 and on Count #2 in the sum of $500.00.

WILLIAM P. FITZGERALD and RICHARD F. FAILLE for Plaintiff

No brief or argument for Defendant.