HOMESTEAD EXEMPTION — ADDITIONAL EXEMPTION House Bill 1658 of the Thirty-fourth Oklahoma State Legislature, now codified as Title 68 O.S. 2407.1 [68-2407.1] (1971), is constitutional as it relates to homestead exemptions. Article XIIA, Section 2 does not prevent the Legislature from removing all or part of the present homestead exemption, including Section 68 O.S. 2407.1 [68-2407.1] in accordance with the time limitations as set forth in Article XIIA, Section 2. The Attorney General's office is in receipt of your opinion request wherein you ask the following questions: "1. Is House Bill 1658 of the 34th State Legislature legal and constitutional as it relates to Homestead Exemption? "2. Under Title 68 O.S. 2407.1 [68-2407.1], 1974 Supp. Oklahoma Statutes, it provides for 'an additional exemption' in Paragraph A and 'such additional homestead exemption' in Paragraph B. Is this conflicting with the Oklahoma Constitution, Article XIIA, Section 1 where it states 'may hereafter be exempted from all forms of ad valorem taxation by the Legislature:' and under Section 2 where it states 'provided, that the homestead as defined in any such act of exemption may be increased at any time but not diminished.' "3. Would the quotation above from Article XIIA, Section 2 prevent the Legislature from removing all or part of the present homestead exemption including the additional exemption provided under Title 68, Section 2407.1 without a vote of the people?" House Bill 1658 of the Thirty-fourth Oklahoma Legislature, as it relates to homestead exemptions, has been codified as Title 68 O.S. 2407.1 [68-2407.1] (1974). Section 74 O.S. 2407.1 [74-2407.1] states: "A. In addition to the amount of the homestead exemption authorized and allowed in Sections 2406 through 2419 of Title 68, Oklahoma Statutes, an additional exemption is hereby granted, to the extent of One Thousand Dollars ($1,000.00) of the assessed valuation on each homestead of heads of households whose gross household income from all sources from the preceding calendar year did not exceed Four Thousand Dollars ($4,000.00). The term 'gross household income' as used in this section means: The gross amount of income of every type, regardless of the source, received by all persons occupying the same household, whether such income was taxable or non-taxable for the federal or state income tax purposes, including pensions, annuities, federal social security, unemployment payments, veterans disability compensation, public assistance payments, alimony, support money, workmen's compensation, loss of time insurance payments, capital gains and other types of other income received; and excluding gifts. The term 'head of household' as used in this section means: A person who as owner or joint owner maintains a home and furnishes his own support for said home furnishings and other material necessities. "B. The application for such additional homestead exemption shall be made each year before March 15 in Tax Commission which shall require the taxpayer to certify as to the amount of gross income. Upon receipt by the County Assessor the Tax Commission shall assist in verifying the correctness of the amount of said gross income." Article XII-A, Section 1
of the Oklahoma Constitution relates to exemptions from ad valorem taxation as authorized by legislative acts. section 1 states: "All homesteads as is or may be defined under the laws of the State of Oklahoma for tax exemption purposes, may hereafter be exempted from all forms of ad valorem taxation by the Legislature; provided, that all assessments, levies, encumbrances and other contract obligations incurred or made prior to the taking effect of such act of the Legislature shall in no way be affected or impaired by the exercise of legislative power as authorized by this amendment." Section 2 of the above-quoted Constitutional Article relates to the duration of the exemption and the increase of that exemption. Section 2 states: "Any act of the Legislature, which is authorized by this amendment and which provides said homestead shall be exempted from ad valorem taxation, shall be in full force and effect for a period of not less than twenty years from the date of the taking effect of such Act and for such time thereafter as the same shall remain without repeal of amendment by the Legislature, provided, that the homestead as defined in any such act of exemption may be increased at any time but not diminished." Your first question, relating to the constitutionality of House Bill 658 of the Thirty-fourth Oklahoma Legislature, now codified as 68 O.S. 2407.1 [68-2407.1] (1974), must be read in light of the general rule of statutory construction as set forth in State v. Williamson, 352 P.2d 394 1960), wherein the Court stated in the Second Syllabus: "2. An act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain." see also Adwon v. Oklahoma Retail Grocers' Association, 228 P.2d 376 (1951). In applying this rule to Section 68 O.S. 2407.1 [68-2407.1] of Title 68 as it relates to the above-quoted constitutional provisions concerning homestead exemptions, it is clear that Section 68 O.S. 2407.1 [68-2407.1] not only does not conflict with the Constitution, but falls within the express provisions allowing for an additional exemption as provided for by legislative act. Article XII-A, Section 2 of the Constitution expressly allows the Legislature, pursuant to its statutory authority in Section 1 of Article XII-A to act upon the homestead exemption by stating that the exemption "may be increased at any time but not diminished." Specifically, Section 1, which authorizes the Legislature to act regarding exemptions states: "All homesteads as is or may be defined under the laws of the State of Oklahoma for tax exemption purposes, may hereafter be exempted from all forms of ad valorem taxation by the Legislature. " It is therefore clear that House Bill 1658 as codified as Title 68 O.S. 2407.1 [68-2407.1] (1974) is constitutional as it relates to the homestead exemptions. It is therefore clear, in addition, that the answer to the first question will serve to answer your second question as the "additional exemption" as raised in your second question relates to a further exemption by legislative enactment which has heretofore been declared constitutional. In answer to your third question, Article XII-A, Section 2 provides in part: "Provided, that the homestead as defined in any such act of exemption may be increased at any time but not diminished." This proviso is part of Section 2, which was added by State Question 201, Initiative Petition 138. Generally the office of the proviso is to restrict the general operation of the enacting part, i.e., other provisions of an act. Sutherlands Statutory Construction, 4th edition, Vol. 2a, 47.09. This general rule has been followed in Oklahoma as set forth in Goodin v. Brown, 301 P.2d 652 (1956), wherein the Court stated: "A proviso in a statute is presumed to refer only to the provision to which it is attached, and is generally deemed only to apply to the clause or provision immediately preceding it." See also Allen v. Burkhart, 377 P.2d 821 (1963). It is therefore clear that the proviso prohibiting diminution of the homestead as defined, applies only during the twenty-year period as expressed in the body of Section 2. Further, that at the expiration of the twenty-year term, the Legislature, without the necessity of a vote of the people, may repeal or amend the act. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: Question 1 should be answered in the affirmative in that House Bill 1658 of the Thirty-fourth Oklahoma State Legislature, now codified as Title 68 O.S. 2407.1 [68-2407.1] (1974), is constitutional as it relates to homestead exemptions. Further, that the answer to the first question will serve to answer your second question. Your third question should be answered in the negative, in that Article XIIA, Section 2 does not prevent the Legislature from removing all or part of the present homestead exemption, including Section 68 O.S. 2407.1 [68-2407.1] in accordance with the time limitations as set forth in Article XIIA, Section 2. (Donald B. Nevard)