Doris Cooley MARTIN, Appellant,

v.

LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, OKLAHOMA, Executor, Appellee.

No. 78939.

Supreme Court of Oklahoma.

June 30, 1992.

As Corrected Aug. 13, 1992.

## MEMORANDUM OPINION BY ORDER

The Court's Order of April 6, 1992 Denying Appellee's Motion to Dismiss is hereby WITHDRAWN, sua sponte, and the following order is substituted therefor:

Appellee's Motion to Dismiss this appeal is DENIED. The handwritten minute overruling appellant's motion to reconsider, *initialed* by the trial judge and filed of record on December 2, 1991, did not commence the time in which to file an appeal.

Title 12, O.S.1991, § 32.3 provides:

"A. It is the duty of the court to write out, *sign* and record its orders, judgments and decrees within a reasonable time after their rendition. To aid in the performance of this duty, the court may direct counsel, the district attorney or the court clerk to prepare the written memorialization for its *signature* and, after it is *signed,* to file it in the case of record.

B. A recorded written order, judgment or decree *signed* by the court is a *jurisdictional prerequisite* to appellate review." [E.A.]

The minute entry was not signed but simply bore the initial "C". We can find no Oklahoma cases dealing with the question of whether initials constitute a proper signature of a judge. 46 Am.Jur.2d, Judgments, § 69, however, provides as follows:

"The courts are in accord in holding that where the signature of the judge is necessary to a judgment, a signature by initials only, of both the Christian name and the surname is insufficient. The signature is sufficient, however, if the surname is written out in full, even if the initials only of this Christian name are used."

In support of this statement, American Jurisprudence cites *Fairbanks v. Beard,* 247 Mass. 8, 141 N.E. 590 (1923), and the annotation at 30 ALR 700. In *Fairbanks v. Beard,* supra, the Massachusetts Supreme Judicial Court found that an order denying a motion to vacate judgment, which was only initialed by the district judge and not signed by him, was not a sufficient authentication of the order. The court held that "[j]udicial action ought to be manifested and authenticated by the writing of the distinctive characterization in words by which he was commissioned, by which he is known and distinguished from others and which constitutes his name, or by a record of such action made by the clerk." 141 N.E. 591. Relying on *Fairbanks* in *Volpe v. Sensatini,* 249 Mass. 132, 144 N.E. 104 (1924), the court pointed out that a judge should sign his name and not write his initials to indicate an order of the court, because initials do not constitute a name.

Section 1 of the annotation found at 300 ALR 700 states that "the courts are in accord in holding that where the *signature* of the judge is necessary to an order or decree, a *signature by initials only,* of both the Christian and the surname is insuffi-

cient." (*Id.* at p. 700) In *Origet v. United States*, 125 U.S. 240, 8 S.Ct. 846, 31 L.Ed. 743 (1888), the United States Supreme Court found that an endorsement on a paper purporting to be a bill of exceptions which was initialed by the judge could not be regarded as a proper signature by the judge nor could the paper be regarded for purposes of review as a bill of exceptions.

In *Depuy v. Hoeme*, 775 P.2d 1339 (Okl. 1989), this Court held that "[W]hile any judgment or order is operative from the moment it is announced, the only legitimate evidence of the adjudication's legal existence, of its terms and of its legal effect is the record entry bearing the judge's signature. In *Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 287, 697 P.2d 674, 680 (1985) that court stated that "a minute entry, even though incorporating an order, lacks the legal effect of a formal judgment, decree or order, since it is not signed by a judge."

Statutory provisions regarding the mode and sufficiency of rendering judgments are controlling. Paragraph B was added to § 32.3 (then § 32.2) in 1981. Prior to this amendment, a judgment was rendered and existed as such when it was pronounced from the bench and before it was reduced to writing. See: *Austin v. King*, 404 P.2d 1009 (Okl.1965); and *Miller v. Miller*, 664 P.2d 1032 (Okl.1983).

Prior to 1981, § 32.2 read:
"When the judicial acts or other proceedings of any court have not been regularly memorialized the court shall cause the same to be memorialized by counsel or by the clerk within such time as it may direct."

12 O.S.1981, Ch. 15, App. 2, Rule 1.11, provided:
"... if the case is tried to the court, judgment is deemed rendered when its terms are completely pronounced by the judge and clearly resolve all the issues in controversy ..."

The statutory requirements controlling the mode and sufficiency of the rendition of judgments have changed, however. With the 1981 amendment of § 32.2 the legislature clearly and explicitly required the signature of the judge as a jurisdictional prerequisite to appellate review, using *"sign" "signature"* and *"signed"* four times in its enactment. The obvious legislative intent is an appealable judgment is entered when a record entry was signed rather than being initialed.

In the instant case, two typewritten orders, one sustaining defendant's motion for summary judgment and the other overruling appellant's motion for new trial, were prepared by counsel, *signed* by the judge and filed in the case on December 19, 1991. This commenced the appeal time, and the appeal was timely filed on January 17, 1992.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.