Dear Senator Reynolds,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a purchase order or contract, made pursuant to 62 O.S.1991, § 310.1[62-310.1] by a municipal purchasing officer, be properlycertified by initials instead of a full signature?
¶ 1 Title 62 O.S. 1991, § 310.1[62-310.1] governs the certification of purchase orders and contracts executed by municipal purchasing officers. Specifically, it requires the following form be used:
¶ 2 I hereby certify that the amount of this encumbrance has been entered against the designated appropriation accounts and that this encumbrance is within the authorized available balance of said appropriation.
 Dated this ______ day of _____________, [20]___. _________________________________________ Encumbering Officer or Clerk of _______________.
Id. § 310.1(A).
¶ 3 The statute further provides, "no purchase order or contract shall be valid unless signed and approved by the purchasing officer and certified as above set forth by the officer or clerk charged with keeping the appropriation and expenditure records." Id.
¶ 4 The critical issue of law in your question is whether initials constitute a signature for the purposes of the statute. "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25O.S. 1991, § 1[25-1]. In its common usage, "sign" means "to write one's name esp[ecially] as a token of assent, responsibility, or obligation." Webster's Third New International Dictionary 2115 (3d ed. 1993). Similarly, "signature" means "the name of a person written with his own hand to signify that the writing which precedes accords with his wishes or intentions." Id. at 2116.
¶ 5 "Whenever . . . a word . . . is defined in any statute, such definition is applicable to the same word . . . wherever it occurs, except where a contrary intention plainly appears." 25O.S. 1991, § 2[25-2]. Title 62 O.S. 1991, § 310.1[62-310.1] does not define "signed." However, "signature" is defined in other sections of the Oklahoma Statutes. Title 21 O.S. 1991, § 100[21-100] states, "[t]he term `signature' includes any name, mark or sign, written with the intent to authenticate any instrument or writing." Similarly,25 O.S. 1991, § 26[25-26] says "`signature' or `subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness." Clearly, the Legislature contemplated "signed" to mean something more expansive than just writing fully one's name.
¶ 6 The Oklahoma Supreme Court has considered what constitutes a signature. In State ex rel., Independent School District No.One v. Williamson, 352 P.2d 394 (Okla. 1960), the Court considered the legality and validity of facsimile signatures of public officials on public bonds. The Court ruled a facsimile signature is sufficient to constitute a signature for purposes of the Oklahoma Constitution. Id. at 396. In its reasoning the Court defined signature as "any mark or sign made on an instrument or document in token of knowledge, approval, acceptance, or obligation; and also . . . whatever mark, symbol, or device one may choose to employ as representative of himself."Id. (citation omitted). Under this definition, initials would constitute a signature.[1]
¶ 7 Secondary legal sources support the conclusion that initials are sufficient to constitute a signature. American Jurisprudence on Contracts provides:
 In the absence of any statutory requirement to the contrary, a contract may be signed in any manner which will indicate an intention to be bound thereby; it may be signed with a pen, or by a typewriter, or even with a lead pencil, if the intention is to sign it. Indeed, a signature is whatever mark, symbol, or device one may choose to employ as representative of himself, and may include fingerprints. An instrument may be deemed signed though the signature is typed, lithographed, rubber-stamped, or printed. It has been held that to sign an instrument or document is to make any mark upon it in token of knowledge, approval, acceptance, or obligation. The signature is the sign thus made. Signing a contract by initials is just as effective to bind a party thereto as a full signature.
17A Am. Jur. 2d Contracts § 188 (1991) (footnotes omitted) (emphasis added).
¶ 8 The Uniform Commercial Code defines "signed" as "any symbol executed or adopted by a party with present intention to authenticate a writing." 12A O.S. Supp. 2000, § 1-201[12A-1-201](39). Further, the Code states "[a] signature may be made (i) manually or by means of a device or machine, and (ii) by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing." 12A O.S. 1991, § 3-401[12A-3-401](b).
¶ 9 The Restatement of Contracts states a "signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer." Restatement (Second) of Contracts: Signature § 134 (1979). Under Comment, the authors added:
 a. Types of symbol. The traditional form of signature is of course the name of the signer, handwritten in ink. But initials, thumbprint or an arbitrary code sign may also be used; and the signature may be written in pencil, typed, printed, made with a rubber stamp, or impressed into the paper.
Id.
¶ 10 The dispositive factor in determining whether initials constitute a signature is the intent of the party. If the purchasing officer intends his or her initials to represent approval of an expenditure pursuant to 62 O.S. 1991, § 310.1[62-310.1],
then the contract or purchase order is properly certified.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
A purchase order or contract, made pursuant to 62 O.S. 1991, §310.1[62-310.1] by a municipal purchasing officer, may be properlycertified by initials instead of a full signature, if thepurchasing officer intends for the initials to constitute his orher signature.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
D. CASEY DAVIS ASSISTANT ATTORNEY GENERAL
[1] In Martin v. Liberty National Bank Trust,839 P.2d 179 (Okla. 1992), the Oklahoma Supreme Court considered whether initials constitute a proper signature of a judge. In a case of first impression, the Court determined initials would not suffice for a signature when a statute required a judge to sign an order.Id. at 179-80. The Court based its reasoning on American Jurisprudence on Judgments, and decisions from other jurisdictions. The Court said, "[j]udicial action ought to be manifested and authenticated by the writing of the distinctive characterization in words by which he was commissioned, by which he is known and distinguished from others and which constitutes his name, or by a record of such action made by the clerk." Id.
at 179 (quoting Fairbanks v. Beard, 141 N.E. 590, 591 (Mass. 1923). The unique function of a judge makes Martin
distinguishable from the issue presented in this Opinion. The difference between the two issues is significant in that Martin
considered what is required to appeal an order, while this Opinion considers what is required to bind a municipality to a contract. The purchase order of 62 O.S. 1991, § 310.1[62-310.1] is more analogous to a contract than a court order. Therefore, law governing signatures in the context of contracts is more persuasive than that governing judgments.